CAMPBELL, Acting Chief Judge.
The appellant, Mark Jerome Samples, challenges both his sentence and the costs imposed under section 27.3455, Florida Statutes (1985). He contends that his sentence was improper because the court assigned too many guidelines scoresheet points to his prior federal conviction. He also contends that, since he was insolvent and had received no prior notice, the court improperly assessed costs under section 27.3455, Florida Statutes (1985). We affirm the appellant’s sentence and remand on the issue of costs.
The appellant entered a negotiated plea of nolo contendere to the charge of delivery of cocaine. A condition of the agreement was that if the appellant fell into the first cell on the guidelines scoresheet the court would sentence him to no more than eight months in the county jail.
The appellant had a prior federal conviction for conspiracy to possess with intent to distribute marijuana under 21 U.S. C. §§ 846 and 841(a)(1), (1970 and 1978). Under Florida Rule of Criminal Procedure 3.701(d)(5)(a)(2), a prior federal conviction is to be scored the same as the analogous or parallel Florida offense would be scored. The trial court here scored the federal conviction as it would an offense under the Florida trafficking statute. § 893.135(l)(a)(l), Fla.Stat. (1985). This increased appellant’s guidelines sentence to thirty months in prison, substantially more than the hoped-for eight months in county jail.
The appellant contends that the court should have scored his prior federal conviction under section 893.13(l)(a)(2), Florida Statutes (1985) and the conspiracy statute (section 777.04(4)(d), Florida Statutes (1985)) because section 893.13(l)(a)(2) is the true analogue to the federal statute involved. Since a violation of section 893.-13(l)(a)(2) is a third-degree felony, the conspiracy statute would reduce the offense to a first degree misdemeanor and result in the desired sentence of no more than eight months in the county jail.
The appellant notes that the Florida trafficking statute contains a specific pound requirement, while the federal statute does not. In addition, while the federal statute proscribes possession with intent to sell, the Florida trafficking statute does not. The Florida Statute (§ 893.13(l)(a)(2), Fla. Stat. (1985)) advanced by the appellant does contain that language.
Florida Rule of Criminal Procedure 3.701(d)(5)(a)(2) clearly intends that convictions, not acts, are to be scored. For this reason, the specific facts of the prior offense are not normally considered. If there is any question, however, as to the severity, “[t]he burden ... is on the state *52 to clearly demonstrate the nature of the prior crime, ... otherwise, as the rules provide, the benefit of the doubt goes to the defendant.” Rodriguez v. State, 472 So.2d 1294, 1296 (Fla. 5th DCA 1985).
There was a question as to severity here because there is no precisely parallel Florida Statute. Accordingly, the state here introduced into evidence DEA reports of the appellant’s prior federal conviction. Those reports revealed that the appellant was convicted of conspiring to possess and deliver over one hundred pounds of marijuana. Under these circumstances, where there is no precisely parallel Florida Statute, we believe that the state met its burden of proving the nature of the crime and that, as a consequence, the court properly found the appellant’s prior federal conviction to be most analogous to the Florida offense of trafficking under section 893.-135(l)(a)(l), Florida Statutes (1985). The court properly scored the appellant’s prior federal conviction, and we uphold the sentence imposed.
The appellant also argues that the court improperly assessed $200 costs against him under section 27.3455. Although that section only allows costs to be assessed against a solvent defendant who has been given prior notice, the court assessed costs against the appellant despite the appellant’s alleged insolvency and lack of notice. The appellant also argues that the court improperly imposed costs without giving the appellant prior notice. Jenkins v. State, 444 So.2d 947 (Fla.1984). The record shows, however, that appellant paid the assessed costs on May 20, 1986, after filing his notice of appeal, thereby making moot his objections to the costs assessment. He thereby shall not be denied any applicable gain time.
Affirmed.
SCHOONOVER and HALL, JJ., concur.