JOANOS, Judge.
William Floyd Collier, Jr. has appealed from a final order of judgment and sentence. He has raised the following issues for our review: (1) Whether the trial court erred in scoring appellant’s Tennessee conviction as a second degree, rather than a third degree felony; (2) Whether the trial court erred by scoring points for legal constraint and for victim injury; and (3) Whether the trial court erred in imposing costs without affording appellant due process considerations. We affirm in part and reverse in part.
Appellant was charged with sexual battery. Pursuant to plea negotiations he pled no contest to attempted sexual battery which is a third degree felony carrying a maximum of five years in prison. At the sentencing hearing, appellant objected to the scoring of 80 points for a prior sexual battery conviction in Tennessee. Appellant claims the offense was reduced to a misdemeanor charge. He further contested the scoring of 30 points for being under legal constraint at the time of the instant offense and claimed that he had already completed the period of time that he was under legal constraint. The guidelines recommended sentence was 7-9 years. The court sentenced appellant to five years in prison, the statutory maximum allowed for a third degree felony, and imposed court costs of $200 and $22.50 in additional fees.
At first glance the state’s view, that the Tennessee crime to which appellant pled guilty and was convicted is parallel to Florida’s sexual battery statute, seems reasonable. See sections 794.011(l)(h), 794.-011(5) Florida Statutes,[1] wherein sexual battery is defined as “penetration by or union with sexual organ of another,” and is *318 a second degree felony punishable by a maximum of 15 years. Section 775.-082(3)(c) Florida Statutes. The Tennessee statute 39-2-607 under which appellant pled guilty and was convicted provides, “[sjexual battery is unlawful contact ... accompanied by the circumstances listed under § 39-2-604(a),” the separate Tennessee rape statute, and is a felony punishable by maximum of 5 years in prison.[2] However, appellant argues that the Tennessee sexual battery statute at issue encompasses what would be attempted sexual battery in Florida, and the record further reflects that the circumstances of the Tennessee crime were consistent with attempted sexual battery in Florida rather than section 794.011(5) Florida Statutes.
In order to determine the analogous or parallel Florida statute, a reviewing court must look to the elements of the out-of-state crime. The court should then determine whether Florida has a criminal statute for an analogous or parallel crime, and if such a crime exists, the out-of-state conviction should be scored as a conviction under the analogous Florida statute. See Forehand v. State, 524 So.2d 1054, 1055 (Fla. 1st DCA 1988). A review of the elements that are encompassed by Tenn.Stat. 39-2-607, and the circumstances involved here reveals that the most analogous Florida statute is attempted sexual battery, as appellant contends, which is based on section 794.011(5) Florida Statutes. The documents found in appellant’s appendix to its supplemental brief reveal the facts underlying the Tennessee offense, which indicate that appellant never actually penetrated his victim. In Tennessee this sexual contact is called “sexual battery” and is an unspecified felony with respect to degree, whereas in Florida this behavior is categorized as “attempted sexual battery” and is a third degree felony.
Scoring the Tennessee prior conviction as a third degree felony rather than a second degree felony would reduce the point total to 245, which falls in the 230-250 sentencing points range and yields a recommended sentence of i&r&k years. See 3.988(b) Fla.R.Crim.P. This modification alone will not alter appellant’s current sentence, however we also find that the trial court erred by scoring points for victim injury, and that this error adversely affects appellant's sentence, once the Tennessee conviction is scored as a third degree felony.
It has been repeatedly held that victim injury is not an element of attempted sexual battery, and therefore, it is error to score points for it. See Baker v. State, 526 So.2d 202 (Fla. 4th DCA 1988); Simmons v. State, 506 So.2d 101 (Fla. 5th DCA 1987), and cases cited there. As indicated above, when the prior conviction is scored as a third degree felony instead of a second degree felony, the point total is reduced to 245 points. Subsequently, when this total is additionally reduced by the 40 points scored erroneously for victim injury, the total of points drops to 205, for which the guidelines recommendation is a three year prison term, two years less than that imposed upon appellant. Therefore, we reverse on this point as well as point one, and remand for a renewed guidelines calculation which will record the prior conviction *319 as a third degree felony and not encompass points for victim injury.
As to appellant’s argument involving legal restraint, the record reveals that appellant was previously sentenced to 45 days in a workhouse followed by 11 months and 29 days probation from June 8, 1984. He committed the offense in Florida on March 27, 1985, clearly within the probation period as sentenced. We agree with the state that legal restraint pertains to legal status at the time of offense, not the time of sentencing. Rule 3.701(d)(6) Fla.R. Crim.P. Therefore, we find the trial court was correct in scoring points for legal restraint, and affirm on this point.
Finally, we find that the trial court erred by assessing court costs under sections 27.3455, 960.20, and 943.25, Florida Statutes, without affording appellant notice or an opportunity to be heard. See Mays v. State, 519 So.2d 618 (Fla.1988), which is dispositive of the issue. Therefore, we reverse and remand on this point for proceedings consistent with the due process requirements as outlined in Mays.
The sentence is, therefore, reversed and the case is remanded for resentencing.
WIGGINTON and BARFIELD, JJ., concur.

. Section 794.011, Florida Statutes provides in pertinent part:
794.011 Sexual Battery.—
(h) The term “sexual battery” means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.
(5) A person who commits sexual battery upon a person 12 years of age or older, without that person’s consent, and in the process thereof uses physical force and violence not likely to cause serious personal injury is guilty of a felony of the second degree, punishable as provided in § 775.082, § 775.083, or § 775.084. (Emphasis supplied).

. The Tennessee statutes provide in pertinent part:
39-2-607. Sexual battery. — (a) Sexual battery is unlawful sexual contact with another person accompanied by any of the circumstances listed in § 39-2-604(a).
(b) Sexual battery is a felony punishable by not more than five (5) years in the penitentiary. (Emphasis supplied).
39-2-604. Rape. — (a) Rape is unlawful sexual penetration of another accompanied by any of the following circumstances:
(1) Force or coercion is used to accomplish the act;
(2) The actor knows or has reason to know that the victim is mentally defective, mentally incapacitated or physically helpless; and
(3)The actor accomplishes sexual penetration by fraud.
(b) Rape is a felony punishable by imprisonment in the penitentiary for a determinate sentence not less than five (5) years nor more than twenty (20) years.
39-2-602. Definitions for §§ 39-2-601— 39-2-611.
(10) "Sexual contact” includes the intentional touching of the victim’s or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim’s or actor’s intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification.