537 So.2d 103 (1989)
Roy Lynn FOREHAND, Petitioner,
v.
STATE of Florida, Respondent.
No. 72370.
Supreme Court of Florida.
January 12, 1989.
*104 Michael E. Allen, Public Defender and Nancy L. Showalter, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and Kurt L. Barch, Asst. Atty. Gen., Tallahassee, for respondent.
McDONALD, Justice.
In Forehand v. State, 524 So.2d 1054 (Fla. 1st DCA 1988), the district court certified two questions of great public importance regarding sentencing guidelines. We have jurisdiction pursuant to article V, section 3(b)(4) of the state constitution.
After a nonjury trial, the court found Forehand guilty of sexual battery with a firearm, aggravated battery with a firearm, aggravated assault with a firearm, and possession of a firearm during commission of a felony. Forehand had previously been convicted of murder in Texas and had been sentenced to a term of two to eighteen years. On the sentencing guidelines scoresheet the state scored the Texas murder conviction as a life felony, and the two hundred sixty-four points for that offense raised Forehand's recommended sentence to life imprisonment. Forehand did not object to this scoring at sentencing. On appeal he argued that too many points had been assigned to the Texas conviction because the sentence he received showed that that conviction could not have been for a life felony. The district court disagreed and held that the elements of an out-of-state crime, not the sentence imposed, determine whether an analogous Florida statute exists. The court then certified the following question:
IN DETERMINING THE ANALOGOUS OR PARALLEL FLORIDA STATUTE FOR THE PURPOSE OF SCORING PRIOR FEDERAL, FOREIGN, MILITARY OR OUT-OF-STATE CONVICTIONS, SHOULD A REVIEWING COURT BASE ITS DETERMINATION ON THE DEGREE OF CRIME IMPOSED AND THE SENTENCE RECEIVED IN THE FOREIGN STATE OR SHOULD A REVIEWING COURT DETERMINE THE ANALOGOUS OR PARALLEL FLORIDA STATUTE BY ASCERTAINING THE ELEMENTS OF THE FOREIGN CONVICTION, DETERMINING WHETHER FLORIDA CONSIDERS SUCH ACTIONS TO BE CRIMINAL AND, IF SO, CATEGORIZING AND SCORING THE FOREIGN CONVICTION AS THE ANALOGOUS OR PARALLEL FLORIDA CRIME WOULD BE CATEGORIZED AND SCORED?
Id. at 1056.
We agree with the district court that the elements of the subject crime, not the stated degree or the sentence received, control in determining whether there is a Florida statute analogous to an out-of-state crime. The various jurisdictions may choose to punish the same acts differently, so the elements of a crime are the surest way to trace that crime.
After disposing of the first issue, the district court went on to hold that Forehand's failure to object to his scoresheet at sentencing precluded appellate review because no error is apparent on the face of the record. The court then certified a second question:
ON APPEAL, IF A DEFENDANT CONTESTS THE DEGREE OF CRIME ASSIGNED TO A PRIOR CONVICTION FOR SCORESHEET PURPOSES, BUT A REVIEW OF THE RECORD DOES NOT CONCLUSIVELY REVEAL THAT AN ERROR HAS BEEN MADE, SHOULD THE APPELLATE COURT ADDRESS THE ISSUE ABSENT A SHOWING BY THE DEFENDANT THAT AN OBJECTION WAS MADE AT THE TRIAL COURT PROCEEDINGS?
Id. at 1058.
In State v. Whitfield, 487 So.2d 1045 (Fla. 1986), this Court held that a contemporaneous objection is not necessary to preserve the appeal of either an illegal sentence or an unauthorized departure from the sentencing guidelines. Absent a contemporaneous objection, however, sentencing errors must be apparent on the face of the record to be cognizable on appeal. Dailey v. State, 488 So.2d 532 (Fla. 1986). In other words, a guidelines error cannot be raised for the first time on appeal *105 if the claimed error is based on factual matters which are not determinable from the record. Id.
We agree with the trial court that any error here is not apparent on the face of the record. Forehand could have objected at sentencing and introduced facts showing the Texas conviction not to have been for a life felony. Facts which might show the scoresheet to be erroneous are not apparent on the record, however, and the failure to object at sentencing is fatal to Forehand's claim on appeal. We therefore answer the second question in the negative and reiterate our holding in Whitfield: "Sentencing errors which do not produce an illegal sentence or an unauthorized departure from the sentencing guidelines still require a contemporaneous objection if they are to be preserved for appeal." 487 So.2d at 1046.
Forehand also claims that his multiple convictions violate Carawan v. State, 515 So.2d 161 (Fla. 1987). He raises this issue for the first time in this Court, however. We hold that the failure to raise it in a more timely forum precludes review in this Court.
We answer the certified questions as stated above and approve the decision of the district court.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.