W. SHARP, Judge.
Carter appeals from the trial court’s summary denial of his rule 3.800 motion to *1286 correct an illegal sentence.[1] He received a 17-year sentence for one count of committing a lewd and lascivious act in the presence of a child[2] and four counts of attempted sexual battery.[3] He argues his sentence greatly exceeds the applicable guideline range of 5V2 to 7 years because the trial court erroneously added 80 victim injury points for the four attempted sexual batteries. We agree and quash the sentence.
These criminal offenses took place in March and April of 1984. At that time, points could be assessed for victim injury only if the injury constituted an essential element of the charged offense. The trial court assessed the injury points in this case under the category of “contact but no penetration.”
Before the 1987 amendment to the guidelines expanded the scope for scoring victim injury points,[4] it was repeatedly held that victim injury was not an element of attempted sexual battery, and victim injury points could not be assessed. See Collier v. State, 535 So.2d 316 (Fla. 1st DCA 1988); Baker v. State, 526 So.2d 202 (Fla. 4th DCA 1988); Simmons v. State, 506 So.2d 101 (Fla. 5th DCA 1987). Those cases are controlling in this case.[5] Accordingly, we quash the sentence and remand for resen-tencing within the 5½ to 7 year sentencing bracket.
Sentence QUASHED; REMANDED for resentencing.
DANIEL, C.J., and GRIFFIN, J., concur.

. We find that Carter’s motion challenging the legality of his sentence was timely, since it can be filed at any time. Fla.R.Crim.P. 3.800(a). See also State v. Whitfield, 487 So.2d 1045 (Fla.1986).

. § 800.04, Fla.Stat. (1983).

. §§ 777.04(1) and 794.011, Fla.Stat. (1983).

. The committee notes to Florida Rule of Criminal Procedure 3.701 were amended in 1987 to state that victim injury need not be an element of a crime for which the defendant is convicted, and points may be assessed for victim injury any time the victim receives physical trauma during the criminal transaction or episode.

.See Smith v. State, 526 So.2d 1060 (Fla. 1st DCA 1988).