WOLF, Judge.
Appellant challenges the sentence imposed pursuant to a conviction for aggravated battery. He alleges that the trial court erred in treating a prior out-of-state conviction as a second-degree felony for purposes of calculating his sentencing guidelines seoresheet. We affirm, but certify a question to the Florida Supreme Court concerning what matters may be considered by the trial court when determining that an out-of-state conviction is analogous or parallel to a Florida statute.
Following a jury trial, the appellant was convicted of aggravated battery. At the sentencing hearing, defense counsel argued before the trial court that a prior out-of-state conviction had been erroneously scored in the appellant’s sentencing guidelines score-sheet as a second-degree felony rather than a first-degree misdemeanor. Argument centered around whether the appellant’s Ohio conviction for gross sexual imposition, a fourth-degree felony in Ohio, equated with the Florida second-degree felony of lewd and lascivious act upon a child. § 800.04, Florida Statutes (1991).
Section 800.04, Florida Statutes (1991), provides that it is a second-degree felony to commit certain sexually related acts in the presence of a child under 16 years of age. The Ohio statute for which appellant had been convicted does not contain any requirement concerning the age of the victim. The state argued that in determining the analogous Florida crime, the trial court may look beyond the elements of the out-of-state conviction and consider the underlying facts behind the conviction. The state introduced undisputed evidence that the Ohio conviction was based on acts where appellant’s 14-year-old daughter was the victim, and argued that the Ohio crime is therefore analogous to section 800.04, Florida Statutes (1991). The trial court found that the Ohio conviction was analogous to a second-degree felony under Florida law.
Rule 3.701(d)(5), Florida Rules of Criminal Procedure, provides that when determining how to score an out-of-state conviction on a sentencing guidelines seoresheet, the score for the analogous or parallel Florida statute must be assigned. It appears that there are few eases in Florida that directly address the issue of what matters the trial court may consider in determining whether an out-of-state conviction is analogous to Florida statutes. In Forehand v. State, 537 So.2d 103 (Fla.1989), the supreme court held that a court must look at the elements of the out-of-state conviction rather than the sentence that could be imposed for the out-of-state conviction when determining whether there is an analogous Florida statute. In Collier v. State, 535 So.2d 316 (Fla. 1st DCA 1988), this court determined that a Tennessee sexual battery statute was not analogous to sexual battery in Florida because the Tennessee statute did not contain the requirement of penetration which was required by the Florida statute; therefore, the prior Tennessee conviction was more analogous to attempted sexual battery in Florida. The court went on, however, to note that the underlying facts of the Tennessee offense indicated that appellant actually never penetrated his victim. The court never specifically addressed *238 whether the trial judge could utilize evidence of the underlying facts of the out-of-state conviction in determining the analogous Florida statute.[1] In Samples v. State, 516 So.2d 50 (Fla. 2d DCA 1987), however, the Second District Court of Appeal did approve the trial court’s consideration of underlying facts, and stated that while the specific facts of the prior offense are not normally considered, if there is any question as to the severity, “the burden ... is on the state to clearly demonstrate the nature of the prior crime.” Id. at 51-52. In that case, the court approved the introduction of Drug Enforcement Agency reports concerning the appellant’s prior federal convictions.
A good argument may be made that the trial court should only look at the elements of the out-of-state crime because that is all that has been established as the result of an entry of a plea or which has been proven beyond a reasonable doubt as evidenced by a guilty verdict. In addition, in Forehand, supra, the supreme court discusses comparing elements of an out-of-state statute with an analogous Florida statute, and never mentions consideration of underlying conduct.
We, however, can find no Florida case prohibiting the use of underlying facts when making this determination, nor can we find a ease where the Florida Supreme Court has specifically addressed this issue. We, therefore, certify the following question to be of great public importance:
MAY THE TRIAL COURT CONSIDER THE UNDERLYING FACTS IN DETERMINING WHETHER AN OUT-OF-STATE CONVICTION IS ANALOGOUS TO A FLORIDA STATUTE FOR THE PURPOSE OF CALCULATING POINTS FOR A SENTENCING GUIDELINES SCORESHEET.
The conviction and sentence are affirmed.
JOANOS, J., concurs.
BENTON, J., concurring and dissenting with written opinion.

. Nor would such a ruling have been necessary since neither the statute itself nor the underlying facts indicated penetration.