BENTON, Judge,
concurring and dissenting.
The majority opinion recognizes that “a good argument may be made that the trial court should only look at the elements of the out-of-state crime because that is all that has been established as the result of an entry of a plea or which has been proven beyond a reasonable doubt as evidenced by a guilty verdict.” I find at least the premise of this argument persuasive.
The inquiry for the sentencing court should be whether the facts established by the conviction in the foreign jurisdiction would have supported conviction for an offense under Florida law that, if not precisely parallel, is at least “analogous.” For purposes of the rule, conviction is defined as “a determination of guilt resulting from plea or trial.” Fla.R.Crim.P. 3.701(d)(2) (1993) (emphasis supplied). Here the prosecution relied on unspecified “documentation,” “factual material ... the probable cause and so forth” (documents which did not — apart from the pre-sentence investigation report itself — find their way into the record on appeal.)
The rule contemplates that the guidelines scoresheet will have been prepared out of court, and requires that the judge simply “approve” the scoresheet. Fla.R.Crim.P. 3.701(d)(1) (1993). The superseding rule now in force provides that the “sentencing judge shall review the scoresheet for accuracy.” Fla.R.Crim.P. 3.702(d)(1) (1994). Neither rule imposes on the sentencing judge the duty to conduct an evidentiary hearing to determine what facts gave rise to the prior conviction, and neither should be so construed, in my opinion. See generally Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).
Florida Rule of Criminal Procedure 3.701(d)(5)(B) (1993) provides that the sentencing judge consider extrajurisdictional convictions “scored at the severity level at which the analogous or parallel Florida crime is located.” Only allegations set out in the indictment, information, or affidavit on which a foreign conviction was obtained, and which *239 the jury found or the convict admitted, should be deemed established for purposes of scoring under Florida Rule of Criminal Procedure 3.701(d)(5)(B) (1993), in my view.
In Forehand v. State, 537 So.2d 103, 104 (Fla.1989), our supreme court held that “the elements of the subject crime, not the stated degree or the sentence received, control in determining whether there is a Florida statute analogous to an out-of-state crime.” The Forehand court explained that because “[tjhe various jurisdictions may choose to punish the same acts differently, ... the elements of a crime are the surest way to trace that crime.” Id. Under one reading of Forehand, even allegations found to be true should be ignored, unless they constitute elements of the foreign offense.
A conviction can fairly be said to incorporate the facts alleged in the accusatory pleading, however, even if the pleaded facts are not elements of the offense.[2] This may account for the decision in Samples v. State, 516 So.2d 50 (Fla. 2d DCA 1987), on which the majority chiefly relies. In Samples[3] as here, the question was how to analogize a non-Florida conviction in the absence of a “precisely parallel Florida Statute.” Samples, 516 So.2d at 52. The court said:
Florida Rule of Criminal Procedure 3.701(d)(5)(a)(2) clearly intends that convictions, not acts, are to be scored. For this reason, the specific facts of the prior offense are not normally considered. If there is any question, however, as to the severity, “[t]he burden ... is on the state to clearly demonstrate the nature of the prior crime, ... otherwise, as the rules provide, the benefit of the doubt goes to the defendant.” Rodriguez v. State, 472 So.2d 1294, 1296 (Fla. 5th DCA 1985).
There was a question as to severity here because there is no precisely parallel Florida Statute. Accordingly, the state here introduced into evidence DEA reports of the appellant’s prior federal conviction. Those reports revealed that the appellant was convicted of conspiring to possess and deliver over one hundred pounds of marijuana. Under these circumstances, where there is no precisely parallel Florida Statute, we believe that the state met its burden of proving the nature of the crime and that, as a consequence, the court properly found the appellant’s prior federal conviction to be most analogous to the Florida offense of trafficking under section 893.135(l)(a)(l), Florida Statutes (1985). The court properly scored the appellant’s prior federal conviction, and we uphold the sentence imposed.
Samples, 516 So.2d at 51-52 (emphasis supplied). If the DEA reports of Samples’ federal conviction revealed[4] that the indictment on which it was predicated alleged that more than one hundred pounds were involved and that Samples furthered the conspiracy by sale, purchase, manufacture, delivery, transportation, or possession, Samples is not authority for the majority’s view that other evidence should be looked to.
In Collier v. State, 535 So.2d 316 (Fla. 1st DCA 1988), we held that a conviction under another state’s sexual battery statute was not analogous to sexual battery in Florida because the Florida offense required proof of *240 an additional element. In the present case, the trial court analogized Dautel’s conviction for “gross sexual imposition,” a fourth-degree felony in Ohio, to Florida’s second-degree felony of lewd and lascivious assault on a child. This was error, in my opinion, because the Florida offense requires proof of an element which need not be proven to establish the Ohio offense and which was not, as far as the evidence shows, even alleged in Ohio.
The Ohio statute prohibits sexual contact (except between spouses) that is compelled by force or the threat of force, or that is achieved by administering drugs or intoxicants, or with the knowledge that the victim’s judgment is impaired by drugs or intoxicants. Ohio Rev.Code Ann. § 2907.05. According to the 1974 Committee Comment to the statute, gross sexual imposition is “an offense analogous to rape, though less serious. Its elements are identical to those of rape, except that the type of sexual activity involved is sexual contact, rather than sexual conduct.”
Dautel’s Ohio conviction was for gross sexual imposition, not “gross sexual imposition upon a child under the age of sixteen years,” a hybrid offense existing neither under Ohio law, nor under Florida law. The Florida crime of lewd and lascivious assault upon a child requires proof, as one of its elements, that the victim is a “child under the age of 16 years,” section 800.04, Florida Statutes, while the Ohio crime contains no element rendering the age of the victim pertinent. In addition, the Ohio crime includes the element of compulsion or “imposition” which is not present in the Florida crime. Although less significant than the Florida element lacking in the Ohio offense, the element in the Ohio offense not present in the Florida offense is an additional reason why the Ohio conviction is not analogous.
I respectfully dissent from affirmance of the sentence; I would remand for recalculation of the scoresheet. I concur in certifying the question as one of great public importance.

. This may explain the defense position in the trial court that the Ohio conviction should be analogized to battery under Florida law and scored accordingly.

. Samples "had a prior federal conviction for conspiracy to possess with intent to distribute marijuana under 21 U.S.C. §§ 846 and 841(a)(1) (1970 and 1978).” Samples, 516 So.2d at 51. "The trial court ... scored the federal conviction as it would an offense under the Florida trafficking statute. § 893.135(l)(a)(l), Fla.Stat. (1985).” Id. The question was whether "the court should have scored his prior federal conviction under section 893.13(l)(a)(2), Florida Statutes (1985) and the conspiracy statute (section 777.04(4)(d), Florida Statutes (1985)) because [it was contended] section 893.13(l)(a)(2) is Ae trae analogue to the federal statute involved.” Id. The "Florida trafficking statute contains a specific pound requirement, while Ae federal staAte does not. In addition, while Ae federal staAte proscribes possession with intent to sell, the Florida trafficking statute does not. The Florida Statute (§ 893.13(l)(a)(2), Fla.Stat. (1985)) advanced by the appellant does contain Aat language.” Id.

.It is not clear from Ae opinion what Ae DEA reports revealed. Whatever the precise import' of Samples, I would follow Forehand and Collier v. State, 535 So.2d 316 (Fla. 1st DCA 1988), raAer than rely on a problematic precedent from a sister court Aat may conflict with the supreme court in Forehand and our decision in Collier, both of which were decided after Samples.