658 So.2d 88 (1995)
Roger Lee DAUTEL, Petitioner,
v.
STATE of Florida, Respondent.
No. 84848.
Supreme Court of Florida.
July 20, 1995.
*89 Nancy A. Daniels, Public Defender and Steven A. Been, Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and Mark Menser, Asst. Atty. Gen., Tallahassee, for respondent.
HARDING, Justice.
We have for review Dautel v. State, 647 So.2d 236 (Fla. 1st DCA 1994), in which the First District Court of Appeal certified the following question to be of great public importance:
MAY THE TRIAL COURT CONSIDER THE UNDERLYING FACTS IN DETERMINING WHETHER AN OUT-OF-STATE CONVICTION IS ANALOGOUS TO A FLORIDA STATUTE FOR THE PURPOSE OF CALCULATING POINTS FOR A SENTENCING GUIDELINES SCORESHEET.
Id. at 238. We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution. We answer the certified question in the negative because only the elements of the out-of-state crime should be considered in determining whether that conviction is analogous to a Florida statute for the purpose of calculating points for a sentencing guidelines scoresheet.
Roger Lee Dautel was convicted of aggravated battery. At the sentencing hearing, defense counsel argued that Dautel's prior Ohio conviction for gross sexual imposition had been erroneously scored as a second-degree felony rather than a first-degree misdemeanor on the sentencing guidelines scoresheet. The scoring of this prior conviction as a second-degree felony resulted in a permitted guidelines sentence range of seven to seventeen years. The court sentenced Dautel to fifteen years.
On appeal, the First District Court of Appeal affirmed Dautel's conviction and sentence. Dautel, 647 So.2d at 238. While the district court recognized that Florida Rule of Criminal Procedure 3.701(d)(5)[1] requires an out-of-state conviction to be assigned the score for the analogous or parallel Florida statute, the court also noted that "there are few cases in Florida that directly address the issue of what matters the trial court may consider in determining whether an out-of-state conviction is analogous to Florida statutes." Id. at 237. The district court concluded that no Florida case prohibits the use of underlying facts to make such a determination and that this Court has not specifically addressed the issue. Id. at 238. Thus, the *90 district court certified the question as one of great public importance.
In 1983, Dautel pleaded no-contest to the fourth-degree felony of gross sexual imposition in violation of section 2907.05(A)(2) of the Ohio Revised Code Annotated.[2] There is no precisely parallel Florida statute. Based upon the underlying facts of the Ohio conviction, namely that the victim was Dautel's fourteen-year-old daughter, both the trial court and the district court concluded that Dautel's conviction for gross sexual imposition was analogous to Florida's second-degree felony of lewd and lascivious assault on a child as provided in section 800.04, Florida Statutes (1991).
As explained in the notes following rule 3.701, "[a]ny uncertainty in the scoring of the defendant's prior record shall be resolved in favor of the defendant." Fla. R.Crim.P. 3.701(d)(5) Sentencing Guidelines Commission Notes. Strictly construed, rule 3.701 directs the scoring of "convictions." See Fla.R.Crim.P. 3.701(d)(5)(B) ("When scoring federal, foreign, military, or out-of-state convictions, assign the score for the analogous or parallel Florida statute.") (emphasis added). A conviction establishes only the elements of the crime, and does not include underlying facts or conduct which are not elements of the offense. Cf. State v. Rolle, 560 So.2d 1154, 1158 (Fla.) (In criminal cases, "the state must produce evidence of all the essential elements of the crime charged and persuade the factfinder of the defendant's guilt beyond a reasonable doubt.") (emphasis added), cert. denied, 498 U.S. 867, 111 S.Ct. 181, 112 L.Ed.2d 144 (1990); accord In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) ("Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.") (emphasis added). Even the district court in the instant case recognized that only the elements of the out-of-state crime have "been established as the result of an entry of a plea or ... [have] been proven beyond a reasonable doubt as evidenced by a guilty verdict." Dautel, 647 So.2d at 238.
While our decision in Forehand v. State, 537 So.2d 103 (Fla. 1989), did not address the precise question posed here, we find it instructive in the instant case. Forehand involved the scoring of a previous Texas murder conviction, which resulted in a sentence of two to eighteen years. Id. at 104. When the trial court scored the Texas conviction as a life felony, the defendant argued that the sentence revealed that the conviction could not have been for a life felony. Id. On appeal, the district court held that the elements of the out-of-state conviction, not the sentence imposed, determine whether an analogous Florida statute exists. Id. Upon the certification of that question by the district court, this Court determined that "the elements of the subject crime, not the stated degree or the sentence received, control in determining whether there is a Florida statute analogous to an out-of-state crime. The various jurisdictions may choose to punish the same acts differently, so the elements of a crime are the surest way to trace that crime." Id.
Moreover, the consideration of the facts underlying an out-of-state crime would necessitate an evidentiary hearing to determine those facts. As Judge Benton noted below, the criminal rules relating to sentencing guidelines do not impose any duty on the sentencing judge to conduct such an evidentiary hearing. Dautel, 647 So.2d at 238 (Benton, J., concurring and dissenting); see also Fla.R.Crim.P. 3.701(d)(1) (1991) (sentencing judge shall approve all scoresheets, which are prepared by the state attorney's *91 office); Fla.R.Crim.P. 3.702(d)(1) (1994) (sentencing judge shall review scoresheet for accuracy). We also agree with Judge Benton that the rules should not be construed to impose such a duty. Dautel, 647 So.2d at 238 (Benton, J., concurring and dissenting).
For the reasons expressed above, we answer the certified question in the negative and hold that only the elements of the out-of-state crime, and not the underlying facts, should be considered in determining whether the conviction is analogous to a Florida statute for the purpose of calculating points for a sentencing guidelines scoresheet.
Turning to the instant case, we find that Florida's lewd and lascivious assault statute is not analogous to Ohio's gross sexual imposition statute. As Judge Benton explained in his well-reasoned concurring and dissenting opinion below, the Florida crime of lewd and lascivious assault upon a child requires proof of the element that the victim is a child under the age of sixteen,[3] whereas the Ohio crime contains no element rendering the age of the victim pertinent. Dautel, 647 So.2d at 240 (Benton, J., concurring and dissenting). Thus, the trial court incorrectly scored Dautel's Ohio conviction as a second-degree felony when it determined that the Ohio crime was analogous to lewd and lascivious assault on a child under section 800.04.
The State argues that even if lewd and lascivious assault is not the analogue to Ohio's gross sexual imposition statute Dautel's Ohio conviction was properly scored as a second-degree felony. The State contends that gross sexual imposition is analogous to attempted sexual battery, which is a second-degree felony under section 794.011(4), Florida Statutes (1991). However, when the elements of the offenses are compared, it is apparent that Florida's attempted sexual battery statute does not proscribe the same behavior as the Ohio statute that Dautel was convicted of violating. Under Florida law, sexual battery is defined as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object." § 794.011(1)(h), Fla. Stat. (1991). In contrast, Ohio's gross sexual imposition statute proscribes "sexual contact," which includes "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying another person." Ohio Rev. Code Ann. § 2907.01(B) (Baldwin 1986). Neither penetration nor union of sexual organs is an element of gross sexual imposition. In fact, the legislative commentary to section 2907.05 explicitly recognizes that the type of sexual activity involved in gross sexual imposition is sexual contact, while rape involves sexual conduct. Ohio Rev. Code Ann. § 2907.05 (Baldwin 1986) Legislative Service Commission Commentary. Ohio law defines "sexual conduct" as "vaginal intercourse between a male and female, and anal intercourse, fellatio, and cunnilingus between persons regardless of sex. Penetration, however slight, is sufficient to complete vaginal or anal intercourse." Ohio Rev. Code Ann. § 2907.01(A) (Baldwin 1986). While Ohio's definition of sexual conduct is analogous to sexual battery in Florida, sexual contact is not. Thus, the elements of gross sexual imposition are not analogous to attempted sexual battery under Florida law.
At the sentencing hearing, Dautel's defense counsel argued that the Ohio conviction is analogous to battery under section 784.03, Florida Statutes (1991), and should be scored as a misdemeanor. Gross sexual imposition involves touching a person other than by sexual union or penetration, where the age of the victim is not an element. This would constitute battery under Florida law. Thus, we agree with Dautel that his conviction should have been scored as a misdemeanor and that his scoresheet must be recalculated.
Accordingly, we answer the certified question in the negative, quash the decision below, *92 and remand for proceedings consistent with this opinion.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.701(d) specifies the general rules and definitions relating to the sentencing guidelines. Rule 3.701(d)(5)(B) provides that in scoring a defendant's "prior record" out-of-state convictions are "assign[ed] the score for the analogous or parallel Florida statute."
[2] Section 2907.05 of the Ohio Revised Code Annotated describes the offense of gross sexual imposition and provides in pertinent part:

(A) No person shall have sexual contact with another, not the spouse of the offender, cause another, not the spouse of the offender, to have sexual contact with the offender, or cause two or more other persons, to have sexual contact when any of the following apply:
....
(2) For the purpose of preventing resistance, the offender substantially impairs the other person's, or one of the other persons', judgment or control by administering any drug or intoxicant to the other person, surreptitiously or by force, threat of force, or deception.
Ohio Rev. Code Ann. § 2907.05(A)(2) (Baldwin 1986).
[3] Dautel argues that the 1983 version of section 800.04, which provides that it is a second-degree felony to commit a lewd or lascivious act on a child under the age of fourteen, is applicable because his Ohio conviction occurred in 1984. Because we find that section 800.04 is not analogous to Ohio's section 2907.05(A)(2), we need not address this issue.