PER CURIAM.
The appellant contends, and the state concedes, that his guidelines sentence for armed sexual battery and armed burglary is based upon an error in the scoring of a prior Geor *683 gia burglary offense on his guidelines score-sheet. Specifically, the Georgia burglary was scored as a second-degree felony on the theory that the burglarized structure was a dwelling. However, as the record reveals and the state concedes, the Georgia statute does not recognize such a distinction and does not contain a separate element requiring that the burglarized structure be a dwelling. In Dautel v. State, 658 So.2d 88 (Fla. 1995), the supreme court held that only the elements of the out-of-state crime, and not the underlying facts, should be considered in determining the degree of the analogous Florida offense on a guidelines seoresheet. Consequently, the Georgia offense must be scored as a third-degree felony.
Accordingly, we vacate appellant’s sentence and remand the case for resentencing, with instructions to score the Georgia offense as a third-degree felony.
MINER, ALLEN and MICKLE, JJ., concur.