753 So.2d 621 (2000)
Jordache HOLYBRICE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D98-4225.
District Court of Appeal of Florida, Fourth District.
February 23, 2000.
*622 Richard L. Jorandby, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
After a jury trial, Jordache Holybrice (Holybrice) was convicted of two counts of lewd assault by committing a sexual battery upon a child under the age of 16 years under section 800.04(3), Florida Statutes (1997). The sentencing guidelines scoresheet utilized by the trial court established a range between 201.6 months and 336 months. The trial court sentenced Holybrice to the maximum, 336 months in state prison. Holybrice objected on the ground that the scoresheet incorrectly scored an out-of-state conviction in Georgia of "theft by taking" as a robbery and, when properly scored, the sentence of 336 months in state prison exceeded the sentencing guidelines. We agree and remand for resentencing.
On the scoresheet under the heading "prior record" there were three robbery convictions, one of which was from Georgia. The trial court classified these convictions as second degree felonies, determining the Georgia conviction to be identical to robbery under section 812.13, Florida Statutes (1997). In calculating sentencing points, the trial court listed all three convictions as level 7 offenses which in turn resulted in a total of 42 points. At the first sentencing hearing, the state presented Holybrice's record from Georgia which reflected the Georgia conviction was designated a "theft by taking." The state asserted that "theft by taking" would be a robbery in Florida and should be scored as such. Holybrice objected to the scoresheet calculations and voiced concern about whether the "theft by taking" was the same as "theft by force" as in a robbery.
At a second hearing, the state asserted that the conviction for "theft by taking" had resulted from Holybrice pleading to a lesser included offense of strong arm robbery when he had been charged with armed robbery. Holybrice contended that the certified judgment from Georgia only stated "theft by taking" and not robbery. The trial court made a finding that "theft by taking" constituted a felony because it was punishable by ten years in prison. The state represented to the trial court that the clerk of the court in Georgia had *623 advised the prosecutor that "theft by taking" was a lesser included offense of armed robbery with a firearm. The trial court then found it was a second degree felony and scored it accordingly.
Florida Rule of Criminal Procedure 3.703 is applicable to Holybrice's offenses which were committed in March and April of 1998. Rule 3.703(d)(15) provides in part:
(D) Any uncertainty in the scoring of the offender's prior record shall be resolved in favor of the offender and disagreement as to the propriety of scoring specific entries in the prior record must be resolved by the sentencing judge.
(E) When unable to determine whether the conviction to be scored as prior record is a felony or a misdemeanor, the conviction should be scored as a misdemeanor. When the degree of felony is ambiguous or the severity level cannot be determined, the conviction must be scored at severity level 1.
Our supreme court has held "that only the elements of the out-of-state crime, and not the underlying facts, should be considered in determining whether the conviction is analogous to a Florida statute for the purpose of calculating points for a sentencing guidelines scoresheet." Dautel v. State, 658 So.2d 88, 91 (Fla.1995). In Dautel, the court applied Florida Rule of Criminal Procedure 3.701. Although rule 3.701 was superceded by rule 3.703 which applies to Holybrice, Dautel is still binding authority. See Rager v. State 720 So.2d 1134 (Fla. 5th DCA 1998).
Georgia's "theft by taking" statute provides:
A person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated.
GA. CODE ANN. § 16-8-2 (1993). The trial court ruled this was equivalent to robbery and classified it as a second degree felony. Section 812.13(1), Florida Statutes (1997), provides:
"Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault or putting in fear. (Emphasis added).
The elements of Florida's robbery statute are clearly not the same as Georgia's "theft by taking" statute. Florida's theft statute is analogous to Georgia's "theft by taking" statute. Section 812.014, Florida Statutes (1999), provides:
(1) A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit from the property.
(b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.
The elements of force, violence, assault or putting in fear present in Florida's robbery statute are absent in Georgia's "theft by taking" and Florida's theft statute. The Georgia conviction of "theft by taking" should not have been scored as a robbery.
Because our supreme court has held that only the elements of the out-of-state crime should be considered, we are left with the question of whether the offense was a felony or a misdemeanor. Georgia's statute on penalties for theft by taking provides:
(a) A person convicted of a violation of Code Sections 16-8-2 through 16-8-9 shall be punished as for a misdemeanor except:

*624 (1) If the property which was the subject of the theft exceeded $500.00 in value, by imprisonment for not less than one nor more than ten years or, in the discretion of the trial judge, as for a misdemeanor.
GA. CODE ANN. § 16-8-12 (1993).
In Florida, for example, section 812.014(2)(c), Florida Statute (1999), provides that:
(c) It is grand theft of the third degree and a felony of the third degree ... if the property stolen is
1. Valued at $300 or more, but less than $5,000.
2. Valued at $5,000 or more, but less than $10,000.
3. Valued at $10,000 or more, but less than $20,000.
The court is only permitted to consider the elements of the crime and not the underlying facts, such as how much was stolen. Any uncertainty should be resolved in favor of the defendant. Furthermore, when unable to determine whether the offense is a felony or misdemeanor, it must be scored as a misdemeanor.
Holybrice argues that there is nothing in the record to reflect the monetary amount of what was stolen in the "theft by taking" and, therefore, the prior conviction for "theft by taking" must be scored as a misdemeanor. A certified copy of the final disposition reflects a conviction for theft by taking with a "felony sentence" of seven years. Therefore, the trial court was correct in designating the "theft by taking" as a felony; however, there is nothing in the record to show or indicate the degree of the felony. Under criminal procedure rule 3.703(d)(15)(E), when the degree of the felony is ambiguous or the severity level cannot be determined, the conviction must be scored at severity level 1.
When we examine the scoresheet used by the trial court, we note that the three prior robbery convictions were determined to be second degree felonies with an offense level of 7. This results in a calculation of 42 sentencing points.[1] Combining these 42 points with other sentencing points on the scoresheet, the trial court calculated that the guideline range was 268.8 months to 336 months and sentenced Holybrice to 336 months in state prison. By reducing the "theft by taking" from a level 7 offense to a level 1 offense as required by rule 3.703(d)(15)(E), the total points for those three prior offenses would be reduced from 42 points to 28.5 points.[2] This reduces the guideline range to 128.4 points to 214.12 months limiting the maximum sentence to 214.12 months.
Although not raised by Holybrice, we note that the trial court may have also improperly scored the other two robberies. Rule 3.703(c) states that the offense severity ranking is to be determined by examining section 921.0012, Florida Statutes (1997). The robberies were determined to be second degree felonies under section 812.13. The type of robbery that is a second degree felony in section 812.13(2)(c) is listed as a level 6 offense in section 921.0012(3). Level 6 offenses under the heading of prior offenses are scored at 9 points instead of 14 points which, when combined with an accurate point total of 0.5 for "theft by taking," reduces the total points attributable to the three prior "robberies" from 42 points to 18.5 points. This would result in a guideline range of 120.75 months to 201.25 months.
REVERSED AND REMANDED FOR RESENTENCING UNDER A RECALCULATED SCORESHEET.
WARNER, C.J., and STONE, J., concur.
NOTES
[1] A level 7 offense under the heading of prior record results in 14 points and multiplied by 3 equals 42 points.
[2] A level 1 offense under the heading of prior record results in 0.5 points.