793 So.2d 1107 (2001)
Ben Alan SNIPES, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-2270.
District Court of Appeal of Florida, First District.
August 30, 2001.
*1108 Ben Alan Snipes, Pro Se.
Robert A. Butterworth, Attorney General, and Edward C. Hill, Jr., Assistant Attorney General, Tallahassee, Attorneys for Appellee.
PER CURIAM.
This direct appeal challenges the trial court's scoring of an out-of-state conviction.[1] Appellant was convicted in Oklahoma of burglary in the second degree.[2] Following a conviction in Florida for numerous offenses, the trial court, in imposing sentence, scored the Oklahoma conviction as burglary of an occupied dwelling, a second degree felony. See § 810.02, Fla. Stat. In scoring this out-of-state offense, the trial court erred in two respects. First, the trial court failed to limit his scrutiny to elements of the Oklahoma offense in determining an analogous Florida offense. Dautel v. State, 658 So.2d 88, 90 (Fla.1995) (citing Forehand v. State, 537 So.2d 103, 104 (Fla.1989)); see generally Fla. R.Crim. P. 3.701(d)(5)(B). Neither the trial court nor this court is permitted to consider underlying facts in determining the existence of an analogous Florida offense. See Dautel, 658 So.2d at 91. The *1109 trial court also overlooked the principle that any uncertainty in scoring a prior offense must be resolved in the defendant's favor. See Fla. R.Crim. P. 3.703(d)(15)(D); Dautel, 658 So.2d at 90.
The elements of an Oklahoma burglary in the second degree could be comparable to a second or third degree felony in Florida. See § 810.02(3), Fla. Stat. (1989). Therefore, the trial court should have scored the offense as a third degree felony. On remand for recomputation of the sentence, the Oklahoma offense must be properly scored.
The trial court sentenced Appellant to 70 months in prison for aggravated fleeing and eluding, a third degree felony. See § 316.1935(2), Fla. Stat. (1997). Upon remand, the trial court can only impose a sentence in excess of the statutory maximum if it is within the guidelines. Mays v. State, 717 So.2d 515 (Fla.1998).
Therefore, we AFFIRM Appellant's conviction, VACATE his sentence, and REMAND for the trial court to rescore the Oklahoma offense as a third degree felony, and to resentence accordingly.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
BOOTH, DAVIS and POLSTON, JJ., CONCUR.
NOTES
[1] The numerous other issues raised are without merit.
[2] The applicable Oklahoma statute provides that

[e]very person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection, in which any property is kept, or breaks into or forcibly opens, any coin-operated or vending machine or device with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree.
Okla. Stat. Ann. tit. 21, § 1435.
In contrast, a person commits burglary in the first degree by breaking into and entering the dwelling house of another, in which there is a human being, with the intent to commit a crime therein. See Okla. Stat. Ann. tit. 21, § 1431.