943 So.2d 293 (2006)
Benjamin RODGERS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3899.
District Court of Appeal of Florida, Fourth District.
November 29, 2006.
Benjamin Rodgers, Crawfordville, pro se.
No appearance required for appellee.
PER CURIAM.
The appellant, Benjamin Rodgers, appeals the denial of his rule 3.800(a) motion to correct illegal sentence. Rodgers claimed the scoresheet prepared for his no contest plea to the charge of possession of a firearm by a convicted felon contained erroneously scored prior record offenses. Specifically, Rodgers believed the scoresheet improperly scored his two military convictions for rape as level 10 offenses. It does not appear that the military conviction was made a part of the record. The lower court denied relief, believing an evidentiary hearing was necessary to compare the military convictions to the applicable Florida Statutes for sexual battery and therefore not cognizable under rule 3.800(a). We agree that from our record on appeal, it does not appear that the record was sufficient to determine the issue without an evidentiary hearing. Moreover, appellant would not be entitled to relief even if the military convictions were scored on the scoresheet at the offense level which he contends is correct.
Florida Rule of Criminal Procedure 3.704(d)(14) requires the court to include, under prior record, offenses committed by the offender in other jurisdictions, including offenses committed while serving in the military. These convictions "are scored at the severity level at which the analogous or parallel Florida crime is located." Fla. R.Crim. P. 3.704(d)(14). In Holybrice v. State, 753 So.2d 621 (Fla. 4th DCA 2000), we noted that when applying this rule, courts must review "only the elements of the out-of-state crime, and not the underlying facts. . . ." Id. at 623 (quoting Dautel v. State, 658 So.2d 88, 91 (Fla. 1995)).
Appellant contends that if the two military convictions were correctly scored, his scoresheet would have been reduced by twenty points. However, because the *294 same sentence "could have been imposed" under the scoresheet corrected as appellant claims, any error was harmless. See Brooks v. State, 930 So.2d 835 (Fla. 4th DCA 2006) (en banc).
GUNTHER, WARNER and HAZOURI, JJ., concur.