HAZOURI, J.
Michael Michaud appeals from the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for ineffective assistance of counsel. Michaud raises five points on appeal. We affirm as to points I, II, IV, and V, and reverse as to point III.
Michaud contends that trial counsel was ineffective for failing to object to improper scoring of his prior out of state convictions *376 which, if properly scored, would have resulted in a reduced sentence.
Florida Rule of Criminal Procedure 3.704(d)(14) requires the trial court to include, under prior record, offenses committed by the offender in other jurisdictions. These convictions “are scored at the severity level at which the analogous or parallel Florida crime is located.” Fla. R.Crim. P. 3.704(d)(14). In Holybrice v. State, 753 So.2d 621 (Fla. 4th DCA 2000), this court held that when applying this rule, courts must review “only the elements of the out-of-state crime, and not the underlying facts....” Id. at 623 (quoting Dautel v. State, 658 So.2d 88, 91 (Fla.1995)). Florida Rule of Criminal Procedure 3.704(d)(14)(E) provides:
(E) When unable to determine whether the conviction to be scored as prior record is a felony or a misdemeanor, the conviction must be scored as a misdemeanor. When the degree of felony is ambiguous or the severity level cannot be determined, the conviction must be scored at severity level 1.
In this case, the prior out of state convictions occurred in Connecticut. Michaud asserts: (1) there was an ambiguity between the Connecticut statutes for burglary at the times of the prior offenses, as the Connecticut statutes only distinguished between day and night burglaries, making no distinction regarding the burglary of a dwelling, structure, or conveyance. This changes the severity level and reduces his total points; (2) the larceny statutes of Florida and Connecticut are ambiguous and, therefore, should have scored at level one instead of levels six and two; and (3) the state should have scored Michaud’s priors at the level of severity they were assigned at the time they were committed.
Michaud’s claim is legally sufficient in that if there are ambiguities between the Connecticut and Florida statutes, counsel failed to determine this and object, making his performance deficient. If Michaud’s score were lower, based upon the ambiguities between Connecticut and Florida statutes, his sentence would be shorter. However, the state did not submit any evidence to the trial court which refutes this claim. Therefore, we reverse and remand for an evidentiary hearing, or in the alternative, to allow the state to attach portions of the record which refute Michaud’s claim.

Affirmed in Part; Reversed in Part and Remanded.

TAYLOR, J., and BLANC, PETER D., Associate Judge, concur.