DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MOISES SANCHEZ, JR.,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D20-2476 and 4D20-2477

[January 5, 2022]

Consolidated appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County, Sherwood Bauer, Jr., Judge; L.T. Case Nos. 43-2018-CF-001228-A and 43-2018-CF-001610-A.

Carey Haughwout, Public Defender, and Elijah Giuliano, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Sorraya M. Solages-Jones, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Moises Sanchez, Jr. pled nolo contendere to a total of twenty-four offenses charged in two cases. Following final judgment and sentencing, Appellant has filed a consolidated appeal, raising nine issues. We agree with Sanchez that the trial court erred in scoring his prior Georgia burglary convictions as second-degree felonies on his Criminal Punishment Code scoresheet. We further agree the trial court erred in imposing excessive public defender fees. The trial court did not err, however, in the court imposing court costs on a per count, rather than a per case, basis. On the scoring and public defender fees issues, we reverse and remand for further proceedings. As to Sanchez's remaining arguments raised on appeal, we affirm without discussion.

*A. Criminal Punishment Code Scoresheet*

"Florida Rule of Criminal Procedure 3.704(d)(14) provides that, in calculating the points to be assessed for a defendant's prior record, an out

of state conviction is to be scored 'at the severity level at which the analogous or parallel Florida crime is located.'" *Allen v. State*, 916 So. 2d 67, 67 (Fla. 4th DCA 2005). "Determining which Florida crime is analogous to the out of state conviction requires a comparison of the elements of the crimes." *Id.; see also Dautel v. State*, 658 So. 2d 88, 91 (Fla. 1995) ("[O]nly the elements of the out-of-state crime, and not the underlying facts, should be considered in determining whether the conviction is analogous to a Florida statute for the purpose of calculating points for a sentencing guidelines scoresheet.").

Sanchez has fourteen prior out-of-state convictions for burglary. Thirteen of these burglary convictions were committed in Cobb County, Georgia, in November and December 2011. The remaining burglary conviction was committed in Brantley County, Georgia, in November 2005.

The trial court scored all fourteen of Sanchez's prior burglary convictions as second-degree felonies on the theory that the convictions would have been scored as such pursuant to the analogous Florida burglary statute, section 810.02, Florida Statutes (2020), because the convictions involved burglary of a dwelling. However, when these crimes were committed, Georgia's governing burglary statute provided no distinction between burglary and burglary of a dwelling, nor did it provide varying degrees of burglary. *See* Ga. Code Ann. § 16-7-1(a) (2005), (2011). Accordingly, these fourteen convictions should have been scored as third-degree felonies. *See Lee v. State*, 675 So. 2d 682, 683 (Fla. 1st DCA 1996) ("[T]he Georgia burglary was scored as a second-degree felony on the theory that the burglarized structure was a dwelling. However, . . . the Georgia statute does not recognize such a distinction . . . . Consequently, the Georgia offense must be scored as a third-degree felony.").

Therefore, we remand with directions for the trial court to correct Sanchez's scoresheet by scoring the fourteen prior burglary convictions as third-degree felonies. Sanchez need not be present for this correction. *See Harris v. State*, 674 So. 2d 110, 113 (Fla. 1996).

*B. Public Defender Fees and Additional Court Costs*

In felony cases, indigent defendants are required to pay a $100 statutory minimum public defender fee. § 938.29(1)(a), Fla. Stat. (2020). "[T]he imposition of a public defender fee that exceeds the statutory minimum can only occur upon a showing of sufficient proof of higher fees or costs incurred." *Escobar v. State*, 308 So. 3d 174, 175 (Fla. 4th DCA 2020) (alteration in original) (quoting *Davis v. State*, 256 So. 3d 902, 902

(Fla. 4th DCA 2018)). "Additionally, the trial court must orally pronounce any increases from the statutory minimum public defender fee because the increase is discretionary and the defendant is entitled to notice and an opportunity to be heard." *Id.* at 175; *see also* Fla. R. Crim. P. 3.720(d)(1) ("If the [defendant] was represented by a public defender or other court appointed counsel, the court shall notify the [defendant] of the imposition of a lien . . . . Notice of the [defendant's] right to a hearing to contest the amount of the lien shall be given at the time of sentence.").

Here, the trial court imposed public defender fees of $1,875 in case no. 43-2018-CF-001228-A and $1,250 in case no. 43-2018-CF-001610-A without any showing of proof of higher fees or costs incurred above the $100 statutory minimum amount. Additionally, the trial court did not orally pronounce the increase and did not notify Sanchez of his right to contest the increased fees. This was reversible error, and therefore, we reverse both public defender fees and remand for further proceedings. The trial court should either reduce the public defender fees amount "to the statutory minimum or hold a hearing to justify the increase." *See Escobar*, 308 So. 3d at 176.

The "board of county commissioners may adopt by ordinance an additional court cost, not to exceed $65, to be imposed by the court when a person pleads guilty or nolo contendere to . . . any felony [or] misdemeanor . . . under the laws of this state." § 939.185(1)(a), Fla. Stat. (2020). Additionally, Martin County has adopted an ordinance which provides that "[p]ursuant to F.S. § 939.185, an additional court cost of $65.00 shall be imposed by the court when a person pleads guilty or nolo contendere to . . . any felony [or] misdemeanor . . . under [the] Florida Statutes." Martin County Code, Art. 3, § 47.154.A (2020). Because both the statute and the ordinance state that the additional court cost is imposed when the defendant pleads nolo contendere to *any* felony or misdemeanor, their plain language is unambiguous and allows for the imposition of the $65 additional court cost on a per count basis. *See McNeil v. State*, 215 So. 3d 55, 58–59 (Fla. 2017) ("The plain meaning of the language used [in the statutes at issue]—'a violation' and 'any offense'—is unambiguous and reflects legislative intent that the costs be imposed for each violation or offense[,]" as distinguished from statutes wherein the Legislature "expressly" imposed costs per case.). Accordingly, it was not error for the trial court to impose the $65 additional court on a per count basis in case no. 43-2018-CF-001228-A.

*Affirmed in part, reversed and remanded in part.*

3

GROSS and KUNTZ, JJ., concur.

* * *

*Not final until disposition of timely filed motion for rehearing.*