971 So.2d 1033 (2008)
Thomas ABRAMS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 4D06-2326 to 4D06-2328.
District Court of Appeal of Florida, Fourth District.
January 16, 2008.
Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
*1034 Bill McCollum, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Abrams appeals two life sentences imposed upon him pursuant to the Dangerous Sexual Felony Offender Act ("DSFO Act"), section 794.0115, Florida Statutes (2004). He argues that the act is facially unconstitutional as it violates procedural due process. We hold that the act does not violate procedural due process, and the state provided proof of qualifying convictions for its application to Abrams on his conviction for lewd and lascivious battery. However, the state concedes that his conviction for lewd and lascivious conduct is not a qualifying offense under the statute. Therefore, as to this count we reverse his life sentence.
In 1994 Abrams was charged with two counts with sexual battery and indecent assault in violation of section 794.011(2), Florida Statutes (1993), and section 800.04(1), (4), Florida Statutes (1993), respectively. He pled guilty in both cases, served a nine year prison sentence, and was released on fifteen years' probation. He was arrested in 2005 and charged in count one with violating section 800.04(4)(a), Florida Statutes (2004), by committing lewd or lascivious battery and in count two with violating section 800.04(6)(a), (b), Florida Statutes (2004), by committing lewd or lascivious conduct.[1] A jury found him guilty of both offenses.
The state requested that the court classify Abrams as a dangerous sexual felony offender ("DSFO") pursuant to the DSFO Act, section 794.0115, Florida Statutes (2004). The relevant portion of the DSFO Act provides:
(2) Any person who is convicted of a violation of s. 787.025; s. 794.011(2), (3), (4), (5), or (8); s. 800.04(4) or (5); s. 825.1025(2) or (3); s. 827.071(2), (3), or (4); or s. 847.0145; or of any similar offense under a former designation, which offense the person committed when he or she was 18 years of age or older, and the person:
. . . .
(e) Has previously been convicted of a violation of s. 787.025; s. 794.011(2), (3), (4), (5), or (8); s. 800.04(4) or (5); s. 825.1025(2) or (3); s. 827.071(2), (3), or (4); s. 847.0145; of any offense under a former statutory designation which is similar in elements to an offense described in this paragraph; or of any offense that is a felony in another jurisdiction, or would be a felony if that offense were committed in this state, and which is similar in elements to an offense described in this paragraph,
is a dangerous sexual felony offender, who must be sentenced to a mandatory minimum term of 25 years imprisonment up to, and including, life imprisonment.
. . . .
(6) Notwithstanding s. 775.082(3), chapter 958, any other law, or any interpretation or construction thereof, a person subject to sentencing under this section must be sentenced to the mandatory term of imprisonment provided under this section. If the mandatory minimum term of imprisonment imposed under this section exceeds the maximum sentence authorized under s. 775.082, s. 775.084, or chapter 921, the mandatory minimum term of imprisonment under this section must be imposed. If the *1035 mandatory minimum term of imprisonment under this section is less than the sentence that could be imposed under s. 775.082, s. 775.084, or chapter 921, the sentence imposed must include the mandatory minimum term of imprisonment under this section.
§ 794.0115, Fla. Stat. (emphasis added). Abrams's counsel made a vague due process objection to the constitutionality of the statute without much argument. The court sentenced Abrams in accordance with the DSFO Act to two concurrent life terms. He also filed a rule 3.800(b)(2) motion challenging his sentence and the statute's constitutionality, which the trial court denied. Abrams appeals.
Abrams argues that the DSFO Act is unconstitutional on its face because it provides no statutory notice, no separate hearing, and no standard of proof. An issue involving the constitutionality of a sentence is a pure question of law subject to de novo review. Russ v. State, 832 So.2d 901, 906 (Fla. 1st DCA 2002). Whenever possible, courts should construe a statute so as not to conflict with the constitution and should resolve every reasonable doubt in favor of its constitutionality. State v. Globe Commc'ns Corp., 648 So.2d 110, 113 (Fla.1994).
The section of the DSFO Act of which Abrams complains provides for mandatory sentencing based upon the nature of a defendant's current conviction and his prior record. Unlike habitual offender sentencing, where the state must file a notice of its intent to seek habitual offender sentencing, see Ashley v. State, 614 So.2d 486 (Fla.1993), and the court has some discretion in the determination of habitual offender status, see section 775.084(4)(e) (court may find that habitual offender designation is not necessary for the protection of the public), no discretion exists under section 794.0115. If the defendant is convicted of a qualifying offense and has a prior qualifying offense, a mandatory sentence of twenty-five years to life is imposed. So as to make its intention unmistakable, the legislature also provided that this mandatory sentence trumps all other types of sentencing statutes which might yield a lesser sentence. § 794.0115(6), Fla. Stat.
Because the sentence is not discretionary and requires only proof of a qualifying prior conviction, the due process considerations are different from a fact-finding determination that a court may make under other habitual offender statutes. The existence of prior convictions has long been taken into consideration by sentencing judges. Both the sentencing guidelines as well as the Criminal Punishment Code scale sentences based upon prior criminal conduct. See § 921.001, et seq., Fla. Stat. (sentencing guidelines); § 921.002, et seq., Fla. Stat. (criminal punishment code). Challenges to the prior convictions on a scoresheet are routinely considered at the sentencing hearing. Years ago the Supreme Court recognized that use of out-of-court information in sentencing within statutory limits did not offend due process principles and was historically used by judges in fashioning appropriate sentences since the time of the Revolution. Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). However, the "fact" of prior convictions does not implicate due process or Sixth Amendment concerns even where it results in a sentence in excess of the statutory maximum of a charged crime under a sentencing enhancement statute. See Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must *1036 be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis added).
With this background, we can address all of Abrams's procedural due process complaints. As we noted in Rollinson v. State, 743 So.2d 585, 589 (Fla. 4th DCA 1999), "Procedural due process requires that an accused have notice and an opportunity to be heard." Abrams contends that the statute does not provide written notice of its application. However, "publication in the Laws of Florida or the Florida Statutes gives all citizens constructive notice of the consequences of their actions." State v. Beasley, 580 So.2d 139, 142 (Fla.1991); see also Rollinson, 743 So.2d at 589; W.J. v. State, 688 So.2d 954, 956 (Fla. 4th DCA 1997). The supreme court has also rejected this same notice argument when raised against the prison releasee reoffender statute, which also does not require written notice. See Speed v. State, 779 So.2d 265 (Fla.2001). As the DSFO Act was passed prior to Abrams's commission of the second offenses, he was on notice of the increased penalty attached to his criminal conduct.
Abrams also had notice and an opportunity to be heard on his sentence. Florida Rule of Criminal Procedure 3.713 requires the disclosure of prior convictions to the defendant in advance of the sentencing hearing provided for in rule 3.720. At that hearing, each party has the opportunity to submit proof for the court's consideration. This has long been the opportunity for a defendant to challenge the prior convictions contained on his scoresheet. In Rollinson we held that this rule-based hearing satisfied procedural due process under the prison releasee reoffender statute. 743 So.2d at 590. The sentencing hearing satisfies Abrams's due process opportunity to be heard on his DSFO sentence.
The statute does not contain a provision placing the burden on the state to prove the prior qualifying conviction required by the act, nor does it state the degree of proof. Abrams claims that failing to provide a specific burden of proof violates procedural due process. He cites no cases on this issue, nor have we found any to support this proposition. While we know that the reasonable doubt standard is a judicially created constitutional due process prerequisite to guilt determinations, see In Re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), no heightened standard of proof has been set for sentencing determinations. Considerations of the validity of prior convictions are generally determined by a preponderance of evidence. See, e.g., Oldacre v. State, 509 So.2d 1343, 1344 (Fla. 1st DCA 1987) ("Allegedly uncounseled convictions may not be used to calculate a defendant's presumptive guidelines sentence absent proof by a preponderance of evidence that the convictions were counseled or that counsel was validly waived.") (emphasis added). Although the DSFO Act does not provide a standard of proof, we see no impediment to its constitutionality for this omission, which may be supplied by case law.
Finally, Abrams complains about the quality of evidence used to determine that he qualified for DSFO sentencing. This is not a matter of due process, and he did not object to it at trial. It is hard to see how he could complain, since he was being prosecuted for violation of probation on the prior qualifying charges at the same time he was found guilty on the current charges. There was clearly competent substantial evidence in the record to support his sentencing.
However, the trial court sentenced him to life both on his conviction in count one for violating section 800.04(4)(a), Florida Statutes (2004), and in count two for violating section 800.04(6)(a), (b), Florida *1037 Statutes (2004). In order to qualify as a DSFO, section 794.0115 provides that the most recent conviction must be based on a violation of a list of crimes, including section 800.04(4) or (5). § 794.0115(2), Fla. Stat. Section 800.04(6) is not included in this list. The state concedes that Abrams's conviction under section 800.04(6), Florida Statutes (2004), does not qualify him for sentencing pursuant to the dangerous sexual felony offender act.
We therefore reverse his sentence on count two and remand for resentencing. We affirm his conviction and sentence on count one.
HAZOURI, J., and CHUMBLEY, DOUGLAS J., Associate Judge, concur.
NOTES
[1] These charges also resulted in an affidavit of violation of probation as to the 1994 convictions. After trial, the court revoked his probation and sentenced Abrams to twenty-five years on each of the prior convictions. Those sentences are not the subject of this appeal.