JACOBUS, J.
Gregory Durant challenges the judgment and sentence entered after a jury found him guilty of committing an unnatural or lascivious act and solicitation of a child under eighteen years of age to engage in an act that constitutes sexual battery by a person who is in a position of familial or custodial authority.[1] On appeal, Durant contends the trial court erred in allowing the State to orally amend count three of the information at the close of its case and in permitting three witnesses to make damaging statements in front of the jury. We find these arguments to be mer-itless and affirm Durant’s conviction without further comment. We must, however, reverse Durant’s sentence because the trial court erroneously found he was a dangerous sexual felony offender (“DSFO”) and imposed a twenty-five year minimum mandatory incarceration term.
Section 794.0115, Florida Statutes, requires mandatory sentencing when a defendant qualifies as a DSFO. That statute states, in relevant part:
(2) Any person who is convicted of a violation of s. 787.025(2)(c); s. 794.011 (2), (3), (4), (5), or (8); s. 800.04(4) or (5); s. 825.1025(2) or (3); s. 827.071(2), (3), or (4); or s. 847.0145; or of any similar offense under a former designation, which offense the person committed when he or she was 18 years of age or older, and the person:
[[Image here]]
(e) Has previously been convicted of a violation of s. 787.025(2)(c); s. 794.011(2), (3), (4), (5), or (8); s. 800.04(4) or (5); s. 825.1025(2) or (3); s. 827.071(2), (3), or (4); s. 847.0145; of any offense under a former statutory designation which is similar in elements to an offense described in this paragraph; or of any offense that is a felony in another jurisdiction, or would be a felony if that offense were committed in this state, and which is similar in elements to an offense described in this paragraph, *671 is a dangerous sexual felony offender, who must be sentenced to a mandatory minimum term of 25 years imprisonment up to, and including, life imprisonment.
§ 794.0115, Fla. Stat. (emphasis supplied).
In the current case, Durant was convicted of violating section 794.011(8)(a), Florida Statutes. Therefore, he would qualify as a DSFO under section 794.0115(2) if he met the other requirements of the statute. Durant does not have a previous conviction for violations of any of the statutes set forth in section 794.0115(2)(e). He was, however, convicted of violating section 800.04(1), Florida Statutes (1995), which provides that a person who “handles, fondles, or assaults any child under the age of 16 years in a lewd, lascivious, or indecent manner ... without committing the crime of sexual battery, commits a felony of the second degree.” § 800.04(1), Fla. Stat. (1995).
The State argues that section 800.04(1), Florida Statutes (1995), has similar elements to sections 800.04(4) and (5), Florida Statutes, which are listed in section 794.0115(2)(e). It, therefore, contends Durant would qualify as a DSFO under section 794.0115(2)(e). We disagree.
Sections 800.04(4) and (5) read as follows:
(4) Lewd or lascivious battery. — A person who:
(a) Engages in sexual activity with a person 12 years of age or older but less than 16 years of age; or
(b) Encourages, forces, or entices any person less than 16 years of age to engage in sadomasochistic abuse, sexual bestiality, prostitution, or any other act involving sexual activity
commits lewd or lascivious battery....
(5) Lewd or lascivious molestation.—
(a) A person who intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age, or forces or entices a person under 16 years of age to so touch the perpetrator, commits lewd or lascivious molestation.
(emphasis in original).
After reviewing each of these crimes, we do not believe that the 1995 version of section 800.04(1) is similar in elements to sections 800.04(4) and (5). In particular, section 800.04(4) requires evidence of sexual activity,[2] whereas there is no sexual activity requirement contained in section 800.04(1), Florida Statutes (1995). Likewise, section 800.04(5) requires evidence that the perpetrator intentionally touched “the breasts, genitals, genital area, or buttocks, or the clothing covering them” of the minor. Section 800.04(1), Florida Statutes (1995), contains no such requirement. Although section 800.04(5) and the 1995 version of section 800.04(1) contain other elements that are the same, we conclude they do not have similar elements for purposes of section 794.0115(2)(e). See Fike v. State, 68 So.3d 847 (Fla. 5th DCA 2011) (reversing designation as sexual predator where prior conviction in Michigan was not similar to lewd or lascivious offenses; Michigan offense did not include age requirement). Further, section 800.04(1), Florida Statutes (1995), shares similar elements with section 800:04(6), Florida Statutes, which is not a qualifying felony in the DSFO statute. See 794.0115(2)(e), Fla. Stat.; Abrams v. State, 971 So.2d 1033, 1037 (Fla. 4th DCA 2008) (reversing DSFO sentence because Abrams’ conviction for violating section 800.04(6) does not *672 qualify him for sentencing pursuant to the DSFO statute).
Because Durant does not qualify as a DSFO, we must reverse his sentence and remand for resentencing. We affirm Durant’s conviction in all other respects.
REVERSED AND REMANDED.
EVANDER and COHEN, JJ., concur.

. The jury found Durant was eighteen years of age or older at the time of the offense.

. "Sexual activity” is defined as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object.” § 800.04(l)(a), Fla. Stat.