DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CARLOS J. ACEVEDO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-3124

[July 29, 2015]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Paul L. Backman, Judge; L.T. Case No. 06-002820CF10A.

Carlos J. Acevedo, Crestview, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals an order summarily denying his rule 3.800(a) motion. He argues the trial court erred in imposing a mandatory minimum twenty-five-year sentence pursuant to section 794.0115(2), Florida Statutes (2005), because his predicate crime did not satisfy the statute. We disagree and affirm.

A jury convicted the defendant of lewd and lascivious battery, three counts of lewd and lascivious molestation, and lewd and lascivious conduct. The court found him to be a sexual predator and sentenced him to life in prison on each count, to run concurrently. The court declared him to be a dangerous sexual felony offender ("DSFO"), pursuant to section 794.0115(2), Florida Statutes, and imposed a mandatory minimum twenty-five-year sentence.

The defendant did not raise a sentencing issue in either his direct appeal or subsequent rule 3.850 motion. We affirmed his conviction and sentence on direct appeal, and the trial court's summary denial of his rule 3.850 motion in his subsequent appeal. *Acevedo v. State*, 110 So. 3d 461

(Fla. 4th DCA 2013) (unpublished table decision); *Acevedo v. State*, 20 So. 3d 859 (Fla. 4th DCA 2009) (unpublished table decision).

In his most recent rule 3.800(a) motion, the defendant challenged the twenty-five-year mandatory minimum part of his sentence. He claimed the predicate conviction used to qualify him as a DSFO was insufficient. The State responded, and the trial court summarily denied the motion. He now appeals the order denying his motion.

The defendant argued in his motion that he did not qualify as a DSFO because his prior conviction under section 800.04, Florida Statutes (1981), did not contain elements similar to section 800.04(4), Florida Statutes (2005) (lewd or lascivious battery), or section 800.04(5), Florida Statutes (2005) (lewd or lascivious molestation). We disagree.

The DSFO statute enumerates various qualifying prior offenses, including violations of sections 800.04(4) and (5), but also includes "any offense under a former statutory designation which is similar in elements to an offense described in this paragraph." § 794.0115(2)(e), Fla. Stat. (2005). The defendant's 1981 conviction was for a violation of a former version of section 800.04, which provided:

> Any person who shall handle, fondle or make an assault upon any child under the age of 14 years in a lewd, lascivious or indecent manner, or who shall knowingly commit any lewd or lascivious act in the presence of such child, without the intent to commit sexual battery shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083 or s. 775.084.

§ 800.04, Fla. Stat. (1981).

In 2005, section 800.04 provided, in relevant part:

> (4) LEWD OR LASCIVIOUS BATTERY.—A person who:
> . . . .
> (b) Encourages, forces, or entices any person less than 16 years of age to engage in . . . any other act involving sexual activity commits lewd or lascivious battery, a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

§ 800.04(4), Fla. Stat. (2005).

2

The DSFO statute requires *similar* elements, not *identical* elements. To determine if the statutes are similar, we focus on their similarities and not their dissimilarities. And, there are similarities between the 1981 and 2005 statutes.

Both statutes proscribe the lewd or lascivious touching of a child. Section 800.04 (1981) prohibited "any person from making "an assault upon any child under the age of 14 years in a lewd, lascivious or indecent manner. . . ." Section 800.04(4)(b) (2005) defines a lewd or lascivious battery as encouraging, forcing or enticing "any person less than 16 years of age to engage in . . . any other act involving sexual activity." Both statutes require the victim to be under a certain similar age. Both statutes are second degree felonies.

In 1981, the defendant was charged with coercing an 11-year-old boy to allow the defendant to perform oral sex on him. That conduct is proscribed by subsection (4)(b) of the 2005 statute. Thus, had the same crime been committed in 2005, it would have satisfied the similar elements of section 800.04(4)(b).

We agree with the State, while not identical, the statutes are similar. The court did not err in finding the defendant to be a DSFO and imposing a twenty-five-year mandatory minimum sentence.

The defendant relies on *Durant v. State*, 94 So. 3d 669 (Fla. 5th DCA 2012), to support his position that the statutes are not similar. We understand that by focusing on the dissimilarities of two statutes, a court can conclude the statutes are dissimilar. But, we disagree that the focus should be on the dissimilarities between the two statutes.

In *Durant*, the defendant also challenged his classification as a DSFO and the imposition of a twenty-five-year mandatory minimum sentence on direct appeal. The defendant was convicted of violating section 794.011(8)(a), Florida Statutes (2012), for "committing an unnatural or lascivious act and solicitation of a child under eighteen years of age to engage in an act that constitutes sexual battery by a person who is in a position of familial or custodial authority." *Id.* at 670. In designating the defendant as a DSFO, the trial court relied upon a predicate conviction for a violation of section 800.04(1), Florida Statutes (1995). That section is nearly identical to the 1981 version of section 800.04.

Section 800.04(1) (1995) made it a second degree felony to "handle[], fondle[], or assault[] any child under the age of 16 years in a lewd, lascivious, or indecent manner . . . without committing the crime of sexual

3

battery." *Id.* at 671. The state argued that the elements of section 800.04(1) were similar to the elements of sections 800.04(4) and (5). *Id.* The court reviewed the two statutory provisions and did "not believe that the 1995 version of section 800.04(1) [was] similar in elements to sections 800.04(4) and (5)." *Id.* It focused on the dissimilarities between the two statutes, and reversed the mandatory minimum sentence. *Id.* at 672.

The purpose of the dangerous sexual felony offender statute was to provide an enhanced sentence to offenders who had previously been convicted of enumerated provisions of the Florida Statutes or statutes with similar elements. The serious nature of the crime, the defendant's recidivism, and the young age of the victim, begged for enhanced sentencing. Our legislature provided the enhanced sentencing. By our decision, we enforce the legislature's intent.

To the extent our decision conflicts with the Fifth District's decision in *Durant*, we certify conflict.

We affirm the order denying the defendant's rule 3.800(a) motion.

*Affirmed.*

CIKLIN, C.J., and GROSS, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4