# Supreme Court of Florida

_____

No. SC15-1873
_____

**CARLOS J. ACEVEDO,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[May 18, 2017]

QUINCE, J.

This case is before the Court for review of the decision of the Fourth District Court of Appeal in Acevedo v. State, 174 So. 3d 437 (Fla. 4th DCA 2015). The district court certified that its decision is in direct conflict with the decision of the Fifth District Court of Appeal in Durant v. State, 94 So. 3d 669 (Fla. 5th DCA 2012). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons that follow, we approve the decision of the Fourth District Court of Appeal and disapprove of the decision of the Fifth District Court of Appeal to the extent that it is inconsistent with this opinion.

## STATEMENT OF THE CASE AND FACTS

Carlos Acevedo was convicted of lewd and lascivious battery, three counts of lewd and lascivious molestation, and lewd and lascivious conduct. The trial court found him to be a sexual predator and sentenced him to life in prison on each count, to run concurrently. The trial court declared him to be a dangerous sexual felony offender (DSFO), pursuant to section 794.0115(2), Florida Statutes, and imposed a mandatory minimum twenty-five-year sentence. Acevedo, 174 So. 3d at 437. Acevedo's sentence was affirmed on direct appeal and, after the denial of his 3.850 motion, Acevedo filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(a), arguing that the predicate conviction used was insufficient to qualify him as a DSFO. Id. Specifically, Acevedo argued that the prior conviction under section 800.04, Florida Statutes (1981), did not contain elements similar to section 800.04(4), Florida Statutes (2005), or section 800.04(5), Florida Statutes. The Fourth District Court of Appeal disagreed and certified conflict with the Fifth District's decision in Durant. Id. at 439. This review follows.

## DISCUSSION

The issue before this Court is whether, under the Dangerous Sexual Felony Offender Act, section 794.0115(2)(e), Florida Statutes (2005), a conviction for an offense under section 800.04, Florida Statutes (1981), constitutes a "similar offense under a former designation" to those offenses enumerated in the Act. Because we

find that a "similar offense" for the purposes of the Act need not be an identical offense, we approve the Fourth District's decision below.

Because this is an issue of statutory interpretation, this Court's review is de novo. Plott v. State, 148 So. 3d 90, 93 (Fla. 2014).

The DSFO Act provides:

> Any person who is convicted of a violation of section 787.025; section 794.011(2), (3), (4), (5), or (8); section 800.04(4) or (5); section 825.1025(2) or (3); section 827.071(2), (3), or (4); or section 847.0145; or of any similar offense under a former designation, which offense the person committed when he or she was 18 years of age or older, and the person: . . .
> Has been previously convicted of a violation of section 787.025; section 794.011(2), (3), (4), (5), or (8); section 800.04(4) or (5); section 825.1025(2) or (3); section 827.071(2), (3), or (4); section 847.0145; of any offense under a former statutory designation which is similar in elements to an offense described in this paragraph; or of any offense that is a felony in another jurisdiction, or would be a felony if that offense were committed in this state, and which is similar in elements to an offense described in this paragraph,
> is a dangerous sexual felony offender, who must be sentenced to a mandatory minimum term of 25 years imprisonment up to, and including, life imprisonment.

§ 794.0115(2)(e), Fla. Stat. (2005). In short, the DSFO Act states that anyone previously convicted of one of the enumerated felonies or "of any offense under a former statutory designation which is similar in elements to an offense described in this paragraph" is a dangerous sexual felony offender. In 2005, those enumerated felonies were:

- Luring or enticing a child, section 787.025, Florida Statutes (2005);

- Sexual battery, section 794.011, Florida Statutes (2005);
- Lewd or lascivious battery or molestation committed upon or in the presence of persons less than 16 years of age, section 800.04(4) and (5), Florida Statutes (2005);
- Lewd or lascivious offenses committed upon or in the presence of an elderly person or disabled person, section 825.1025, Florida Statutes (2005);
- Sexual performance by a child, section 827.071, Florida Statutes (2005); and
- Selling or buying of minors, section 847.0145, Florida Statutes (2005).

In 1982, Acevedo was convicted of violating section 800.04, Florida Statutes (1981). In 1981, section 800.04, Florida Statutes, provided:

> Any person who shall handle, fondle, or make an assault upon any child under the age of 14 years in a lewd, lascivious or indecent manner, or who shall knowingly commit any lewd or lascivious act in the presence of such child, without the intent to commit sexual battery shall be guilty of a felony of the second degree . . . .

§ 800.04, Fla. Stat. (1981). The 1981 statute therefore prohibited molestation of, assault of, or lewd or lascivious conduct in the presence of a minor.

In 2005, section 800.04, Florida Statutes, provided the following:

> (4) Lewd or lascivious battery.--A person who:
> (a) Engages in sexual activity with a person 12 years of age or older but less than 16 years of age; or
> (b) Encourages, forces, or entices any person less than 16 years of age to engage in sadomasochistic abuse, sexual bestiality, prostitution, or any other act involving sexual activity commits lewd or lascivious battery, a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
> (5) Lewd or lascivious molestation.--
> (a) A person who intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age, or forces or

entices a person under 16 years of age to so touch the perpetrator, commits lewd or lascivious molestation.

(b) An offender 18 years of age or older who commits lewd or lascivious molestation against a victim less than 12 years of age commits a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(c)1. An offender less than 18 years of age who commits lewd or lascivious molestation against a victim less than 12 years of age; or

2. An offender 18 years of age or older who commits lewd or lascivious molestation against a victim 12 years of age or older but less than 16 years of age

commits a felony of the second degree, punishable as provided in s. 775.082(3)(a)4.

(d) An offender less than 18 years of age who commits lewd or lascivious molestation against a victim 12 years of age or older but less than 16 years of age commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(6) Lewd or lascivious conduct.--

(a) A person who:

1. Intentionally touches a person under 16 years of age in a lewd or lascivious manner; or

2. Solicits a person under 16 years of age to commit a lewd or lascivious act

commits lewd or lascivious conduct.

(b) An offender 18 years of age or older who commits lewd or lascivious conduct commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(c) An offender less than 18 years of age who commits lewd or lascivious conduct commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

§ 800.04(4)-(6), Fla. Stat. (2005).  The provisions of the 2005 version of the statute that are enumerated in the DSFO Act therefore prohibited both lewd and lascivious battery and lewd or lascivious molestation of a minor.

Acevedo argues that because the 1981 statute includes "without the intent to commit sexual battery" it cannot be found similar to the offenses defined in section

800.04, subsections (4) or (5), Florida Statutes (2005).  We, like the Fourth

District, are not persuaded by this argument.

Determining whether Acevedo met the requirements under the Act, the

Fourth District Court of Appeal opined that the Act "requires similar elements, not

identical elements."  Acevedo, 174 So. 3d at 438.  We agree.  As the Fourth

District noted,[1] "[b]oth statutes proscribe the lewd and lascivious touching of a

child[,] . . . require the victim to be under a certain similar age [and] are second

degree felonies."  Id.

In Durant, the Fifth District determined that section 800.04(1), Florida

Statutes (1995)[2] was not similar to section 800.04(4)-(5), Florida Statutes, for the

purposes of DSFO designation pursuant to section 794.0115(2)(e), Florida

Statutes.  Durant, 94 So. 3d at 671.  Specifically, the Fifth District stated:

---

1. The Fourth District also considered the underlying facts of Acevedo's conviction, noting that Acevedo was charged with coercing an eleven year old boy to allow Acevedo to fellate him, conduct that "is proscribed by subsection (4)(b) of the 2005 statute."  The district court thus found that the trial court did not err in finding Acevedo a DSFO.  Id.  We find that there was no need for the district court to perform such an analysis because the elements, themselves, are sufficiently similar.  See Dautel v. State, 658 So. 2d 88, 90 (Fla. 1995) ("[T]he elements of a crime are the surest way to trace that crime." (quoting Forehand v. State, 537 So. 2d 103, 104 (Fla. 1989))).

2. In 1995, section 800.04(1) read: "A person who: (1) handles, fondles, or assaults any child under the age of 16 in a lewd, lascivious, or indecent manner . . . without committing the crime of sexual battery, commits a felony of the second degree . . . ." § 800.04(1), Fla. Stat. (1995).

[W]e do not believe that the 1995 version of section 800.04(1) is similar in elements to sections 800.04(4) and (5). In particular, section 800.04(4) requires evidence of sexual activity, whereas there is no sexual activity requirement contained in section 800.04(1), Florida Statutes (1995). Likewise, section 800.04(5) requires evidence that the perpetrator intentionally touched "the breasts, genitals, genital area, or buttocks, or the clothing covering them" of the minor. Section 800.04(1), Florida Statutes (1995), contains no such requirement. Although section 800.04(5) and the 1995 version of section 800.04(1) contain other elements that are the same, we conclude they do not have similar elements for purposes of section 794.0115(2)(e).

Id. (footnote omitted). The district court continued, "Further, section 800.04(1), Florida Statutes (1995), shares similar elements with section 800.04(6), Florida Statutes [(2012]),[3] which is not a qualifying felony in the DSFO statute." Id. (citing § 794.0115(2)(e), Fla. Stat.; Abrams v. State, 971 So. 2d 1033, 1037 (Fla. 4th DCA 2008)). While we agree with the Fifth District that subsection (6) is closer to the 1981 statute, we disagree that the DSFO Act requires the courts to find the most similar statute to determine whether a prior offense is a qualifying felony.

Acevedo argues that the Fourth District incorrectly looked only to the similarities between his prior conviction under section 800.04, Florida Statutes (1981), and his current conviction pursuant to section 800.04, Florida Statutes

---

3. The 2012 version of section 800.04(6) is the same as the 2005 version quoted above.

(2005). He therefore asserts that this Court must decide the appropriate test for determining when a prior statute is similar in elements to an offense identified in section 794.0115, Florida Statutes. Acevedo further argues that his prior conviction under section 800.04, Florida Statutes (1981), does not contain similar elements to section 800.04(4) or (5), Florida Statutes (2005). We disagree.

The conduct prohibited in the 1981 version of section 800.04 is nearly identical to that prohibited in subsection (5) of the 2005 version of the statute. Compare § 800.04, Fla. Stat. (1981) ("Any person who shall handle, fondle, or make an assault upon any child under the age of 14 years in a lewd, lascivious or indecent manner, or who shall knowingly commit any lewd or lascivious act in the presence of such child, without the intent to commit sexual battery shall be guilty of a felony of the second degree . . . .") with § 800.04(5)(a)-(b), Fla. Stat. (2005) ("A person who: [i]ntentionally touches a person under 16 years of age in a lewd or lascivious manner; or . . . solicits a person under 16 years of age to commit a lewd or lascivious act commits lewd or lascivious conduct [and] commits a felony of the second degree."). There are very few differences between the 1981 statute and subsection (5) of the 2005 statute:

| 800.04 (1981) | 800.04(5) (2005) |
| --- | --- |
| handles, fondles, assaults | intentionally touches |
| in a lewd, lascivious, or indecent manner | in a lewd or lascivious manner the<br>• breasts,<br>• genitals, |

- 8 -

| | genital area, buttocks, or clothing covering those areas |
|---|---|
| **OR** | <ul><li>genital area,</li><li>buttocks, or</li><li>clothing covering those areas</li></ul> |
| commits any lewd or lascivious act in the presence of | |
| a child under age 14 | of a child under age 16 |
| without the intent to commit sexual battery | |

As demonstrated by the chart, the elements of the 1981 version of 800.04 and subsection (5) of the 2005 statute are remarkably similar. There are few dissimilarities. First, the 2005 version lists specific areas of the body. Second, the 2005 statute removes the language referring to committing a lewd act in the presence of a child, which was moved to subsection (7) of the statute. Third, the statutes protect children of similar ages, but differ on children between the ages of fourteen and fifteen. The 2005 statute protects all children under the age of sixteen, whereas the 1981 statute limits its application to children under the age of fourteen. Last, the 1981 statute excludes conduct committed with intent to commit sexual battery.

It is difficult to imagine an offense that would meet all the criteria of the 1981 statute but fail to meet the criteria of the 2005 statute. To "handle, fondle, or assault, in a lewd, lascivious, or indecent manner" necessarily requires an intentional touching that is sexual in nature. However, the DSFO Act does not preclude this Court's consideration of even that imaginary act because the statute

requires only that the previous offense be similar, not identical. Because any offense that would have qualified for a conviction under the 1981 statute would necessarily have characteristics in common with an offense proscribed by the 2005 statute, the Fourth District did not err in affirming Acevedo's designation as a DSFO offender.

We therefore approve the Fourth District's decision and disapprove of the Fifth District's opinion to the extent that it is inconsistent with this opinion.

It is so ordered.

LABARGA, C.J., and LEWIS, CANADY, POLSTON, and LAWSON, JJ., concur.
PARIENTE, J., concurs in result with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

PARIENTE, J., concurring in result.

I concur in result because I would follow the well-reasoned opinion of the Fifth District Court of Appeal in Durant v. State, 94 So. 3d 669 (Fla. 5th DCA 2012), which properly analyzes whether a defendant's prior conviction qualifies as an "offense under a former statutory designation which is similar in elements" for the purposes of the Dangerous Sexual Felony Offender Act, section 794.0115(2)(e), Florida Statutes (2005). Id. at 670. Contrary to the Fourth District's decision below, I would conclude that Acevedo was improperly designated as a dangerous sexual felony offender (DSFO), based upon his prior

- 10 -

conviction under section 800.04, Florida Statutes (1981). <u>See</u> <u>Acevedo v. State</u>, 174 So. 3d 437, 438 (Fla. 4th DCA 2015). Nevertheless, because the trial court could have sentenced Acevedo to life in prison without the DSFO designation, this error was harmless under the applicable standard of review for motions filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Therefore, I concur in the majority's result that Acevedo is not entitled to relief on his motion.

In Acevedo's rule 3.800(a) motion under review, Acevedo argued "that he did not qualify as a DSFO because his prior conviction under section 800.04, Florida Statutes (1981), did not contain elements similar to section 800.04(4), Florida Statutes (2005) (lewd or lascivious battery), or section 800.04(5), Florida Statutes (2005) (lewd or lascivious molestation)." <u>Id.</u> at 437-38. Looking first to the DSFO statute, explaining which prior convictions count toward DSFO status, the pertinent language provides:

> (2) Any person who is convicted of a violation of s. 787.025(2)(c); s. 794.011(2), (3), (4), (5), or (8); s. 800.04(4) or (5); s. 825.1025(2) or (3); s. 827.071(2), (3), or (4); or s. 847.0145; or of any similar offense under a former designation, which offense the person committed when he or she was 18 years of age or older, and the person:
> . . . .
> (e) Has previously been convicted of a violation of s. 787.025(2)(c); s. 794.011(2), (3), (4), (5), or (8); s. <u>800.04(4) or (5)</u>; s. 825.1025(2) or (3); s. 827.071(2), (3), or (4); s. 847.0145; <u>of any</u> <u>offense under a former statutory designation which is similar in</u> <u>elements to an offense described in this paragraph</u>; or of any offense that is a felony in another jurisdiction, or would be a felony if that

- 11 -

offense were committed in this state, and which is similar in elements to an offense described in this paragraph,

is a dangerous sexual felony offender, who must be sentenced to a mandatory minimum term of 25 years imprisonment up to, and including, life imprisonment.

§ 794.0115, Fla. Stat. (2015) (emphasis added).

Of critical importance to this case, this Court must determine whether courts are permitted to consider the underlying facts of the defendant's prior conviction in deciding whether that prior offense is "similar in elements" to a qualifying offense enumerated in the statute. Majority op. at 8. However, the majority, sidestepping this issue in a footnote, concludes "that there was no need for the district court to perform such an analysis because the elements [of the 1981 statute], themselves, are sufficiently similar [to the 2005 statute]." Id. at 6 n.1. By contrast, I would contend that examining the underlying facts of an individual's crime to determine whether the prior conviction is sufficiently similar is not only unnecessary, it is impermissible. See Dautel v. State, 658 So. 2d 88, 91 (Fla. 1995).

In Dautel, this Court addressed whether "the trial court [may] consider the underlying facts in determining whether an out-of-state conviction is analogous to a Florida statute for the purpose of calculating points for a sentencing guidelines score sheet." Id. at 89. In answering this question in the negative—holding that "only the elements of the out-of-state crime should be considered"—this Court stated that "[a] conviction establishes only the elements of the crime, and does not

- 12 -

include underlying facts or conduct which are not elements of the offense." Id. at 89-90. Therefore, despite the fact that the conduct leading to Acevedo's prior conviction would currently fall within one of the enumerated offenses, which the Fourth District considered, Acevedo, 174 So. 3d at 438, the underlying conduct is outside the scope of our analysis of whether the prior conviction is sufficiently similar.

Turning now to the similarities between the enumerated offenses and the statute under which Acevedo was previously convicted, it is evident that Acevedo's prior conviction is more similar in elements to subsections (6) and (7) of section 800.04, Florida Statutes (2005), than it is to subsection (4) or (5) of the same section. In 1982, Acevedo was convicted of violating section 800.04, Florida Statutes, which read in relevant part:

> Any person who shall handle, fondle, or make an assault upon any child under the age of 14 years in a lewd, lascivious or indecent manner, or who shall knowingly commit any lewd or lascivious act in the presence of such child, without the intent to commit sexual battery shall be guilty of a felony of the second degree . . . .

The Fifth District, comparing a nearly identical statute to sections 800.04(4) and 800.04(5), correctly noted two key differences: (1) "section 800.04(4) requires

evidence of sexual activity,[4] whereas there is no sexual activity requirement contained in [the older statutory language;] and (2) "section 800.04(5) requires evidence that the perpetrator intentionally touched 'the breasts, genitals, genital area, or buttocks, or the clothing covering them' of the minor[, while the older statute] contains no such requirement." Durant, 94 So. 3d at 671. The Fifth District held that the older statute "shares similar elements with section 800.04(6), Florida Statutes, which is not a qualifying felony in the DSFO statute." Id.

The majority's conclusion posits that "[i]t is difficult to imagine an offense that would meet all the criteria of the 1981 statute but fail to meet the criteria of the 2005 statute." Majority op. at 9. Assuming that the majority means an offense that would meet the criteria of subsection (4) or (5) of the 2005 statute—those offenses that would qualify as a prior conviction under the DSFO statute—its statement is belied by the very language in the 1981 statute. Under the 1981 statute, a person who "knowingly commit[s] any lewd or lascivious act in the presence of such child, without the intent to commit sexual battery" would clearly commit a punishable offense. § 800.04, Fla. Stat. (1981). Conversely, under the 2005 statutory scheme, a person performing those same actions would squarely commit

_____

4. "Sexual activity" is defined as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object." § 800.04 (1)(a), Fla. Stat.

- 14 -

a violation of subsection (7) (Lewd or Lascivious Exhibition), which is not an enumerated offense pursuant to the DSFO statute. See § 794.0115(2)(e), Fla. Stat. (2005).

When the Legislature enacted the DSFO statute, it clearly did not intend to include the conduct proscribed by subsections (6) and (7) in the types of offenses that would qualify an offender as a DSFO because it specifically excluded these subsections from the enumerated offenses. Id. Accordingly, because the elements of the crime that Acevedo was previously convicted under are most similar to subsections (6) and (7), I would conclude that the 1981 statute does not qualify as an "offense under a former statutory designation which is similar in elements to an offense described in this paragraph." Id.

Despite my conclusion that Acevedo was improperly designated a DSFO, I agree with the majority that his motion for relief under rule 3.800(a) does not merit relief. Fla. R. Crim. P. 3.800(a). Under the "could-have-been-imposed" harmless error standard that this Court adopted for motions filed under rule 3.800(a) in Brooks v. State, 969 So. 2d 238, 238 (Fla. 2007), a defendant "does not require resentencing if the sentence legally could have been imposed (absent a departure) using a correct scoresheet." Id. The record reflects that Acevedo's scoresheet totaled 458.1 points; therefore, the trial court could have imposed a life sentence without the DSFO designation, and any error from Acevedo being improperly

- 15 -

designated a DSFO is harmless.  For these reasons, I agree with the majority's conclusion that Acevedo is not entitled to relief on his rule 3.800 motion. However, I cannot agree with the reasoning of the Fourth District's decision approved by the majority and, instead, would approve of the Fifth District's holding in <u>Durant</u>.

Application for Review of the Decision of the District Court of Appeal – Certified Direct Conflict of Decisions

      Fourth District - Case No. 4D14-3124

      (Broward County)

Peter D. Webster, Christine Davis Graves, and James Parker-Flynn of Carlton Fields, Tallahassee, Florida,

      for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; and Celia Terenzio, Bureau Chief, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, Florida,

      for Respondent