PARIENTE, J.,
concurring in result.
I concur in result because I would follow the well-reasoned opinion of the Fifth District Court of Appeal in Durant v. State, 94 So.3d 669 (Fla. 5th DCA 2012), which properly analyzes whether a defendant’s prior conviction qualifies as an “offense under a former statutory designation which is similar in elements” for the purposes of the Dangerous Sexual Felony Offender Act, section 794.0115(2)(e), Florida Statutes (2005). Id. at 670. Contrary to the Fourth District’s decision below, I would conclude that Acevedo was improperly designated as a dangerous sexual felony offender (DSFO), based upon his prior conviction under section 800.04, Florida Statutes (1981). See Acevedo v. State, 174 So.3d 437, 438 (Fla. 4th DCA 2015). Nevertheless, because the trial court could have sentenced Acevedo to life in prison without the DSFO designation, this error was harmless under the applicable standard of review for motions filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Therefore, I concur in the majority’s result that Acevedo is not entitled to relief on his motion.
In Acevedo’s rule 3.800(a) motion under review, Acevedo argued “that he did not qualify as a DSFO because his prior conviction under section 800.04, Florida Statutes (1981), did not contain elements similar to section 800.04(4), Florida Statutes (2005) (lewd or lascivious battery), or section 800.04(5), Florida Statutes (2005) (lewd or lascivious molestation).” Id, at 437-38. Looking first to the DSFO statute, explaining which prior convictions count toward DSFO status, the pertinent language provides:
(2)Any person who is convicted of a violation of s. 787.025(2)(c); s. 794.011(2), (3), (4), (5), or (8); s. 800.04(4) or (5); s. 825.1025(2) or (3); s. 827.071(2), (3), or (4); or s. 847.0145; or of any similar offense under a former designation, which offense the person committed when he or she was 18 years of age or older, and the person:
[[Image here]]
(e) Has previously been convicted of a violation of s. 787.025(2)(c); s. 794.011(2), (3), (4), (5), or (8); s. 800.04(4) or (5); s. 825.1025(2) or (3); s. 827.071(2), (3), or (4); s. 847.0145; of any offense under a *884 former statutory designation which is similar in elements to an offense described in this paragraph;-' or of any offense that is a felony in another jurisdiction, or would be a felony if that offense were committed in this state, and which is similar in elements to an offense described in this paragraph, is a dangerous sexual felony offender, who must be sentenced to a mandatory minimum term of 25 years imprisonment up: to, and including, life imprisonment.
§ 794.0115, Fla. Stat. (2015) (emphasis added).-
Of critical- importance to this case, this Court must determine whether courts are permitted to consider the underlying facts of the defendant’s prior conviction in deciding whether that prior offense is “similar in ’ elements” to a qualifying offense enumerated in the statute. Majority op. at 8. However, the majority, sidestepping this issue in a footnote, concludes “that there was no need for the district court to perform such an analysis because the elements [of the 1981 statute], themselves, are sufficiently similar [to the 2005 statute].” Id. at 6 n.l. By contrast, I would contend that examining the underlying facts of an individual’s crime to determine whether the prior conviction is sufficiently similar is not only unnecessary, it is impermissible. See Dautel v. State, 658 So.2d 88, 91 (Fla.1995).
In Dautel, this Court addressed whether “the trial court [may] consider the underlying facts in determining' whether an out-of-state conviction is analogous to a Florida statute for the purpose of calculating points for a sentencing guidelines score sheet.” Id. at 89. In answering this question, in the negative—holding that “only the elements of the out-of-state crime should be considered”—this Court stated that “[a] conviction establishes only the elements of the crime, and does not include underlying facts or conduct which are not elements of the offense.” Id. at 89-90. Therefore, despite the fact that the conduct leading to Acevedo’s prior conviction would currently fall within one of the enumerated offenses, which the Fourth District considered, Acevedo, 174 So.3d at 438, the underlying conduct is outside the scope of our analysis of whether the prior conviction is sufficiently similar.
Turning now to the similarities between the enumerated offenses and the statute under which Acevedo was previously convicted, it is evident that Acevedo’s prior conviction is more similar in elements to subsections (6) and (7) of section 800.04, Florida Statutes (2005), than it is to subsection (4) or (5) of the same section. In 1982, Acevedo was convicted of violating section 800.04, Florida Statutes, which read in relevant part:
Any person who shall handle, fondle, or make an assault upon any child under the age of 14 years in a lewd, lascivious or indecent manner, or who shall knowingly commit any lewd or lascivious act in the presence-of such child, without the inteht to commit sexual battery shall be guilty of a felony of the second degree ....
The Fifth District, comparing a nearly identical statute to sections 800.04(4) and 800.04(5), correctly noted two key differences: (1) “section 800.04(4) requires evidence of sexual activity,[4] whereas there is no sexual activity requirement contained in [thé older statutory language;] and (2) “section 800.04(5) requires evidence that the perpetrator intentionally touched ‘the *885 breasts, genitals, genital area, or buttocks, or the clothing covering them’ of the minor[, while the older statute] contains no such requirement.” Durant, 94 So.3d at 671. The Fifth District held that the older statute “shares similar elements with section 800.04(6), Florida Statutes, which is not a qualifying felony in the DSFO statute.” Id.
The majority’s conclusion posits that “[i]t is difficult to imagine an offense that would meet all the criteria of the 1981 statute but fail to meet the criteria of the 2005 statute.” Majority op. at 9. Assuming that the majority means an offense that would meet the criteria of subsection (4) or (5) of the 2005 statute—those offenses that would qualify as a prior conviction under the DSFO statute—its statement is belied by the very language in the 1981 statute. Under the 1981 statute, a person who “knowingly commit[s] any lewd or lascivious act in the presence of such child, without the intent to commit sexual battery” would clearly commit a punishable offense. § 800.04, Fla. Stat. (1981). Conversely, under the 2005 statutory scheme, a person performing those same actions would squarely commit a violation of subsection (7) (Lewd or Lascivious Exhibition), which is not an enumerated offense pursuant to the DSFO statute. See § 794.0115(2)(e), Fla. Stat. (2005).
When the Legislature enacted the DSFO statute, it clearly did not intend to include the conduct proscribed by subsections (6) and (7) in the types of offenses that would qualify an offender as a DSFO because it specifically excluded these subsections from the enumerated offenses. Id. Accordingly, because the elements of the crime that Acevedo was previously convicted under are most similar to subsections (6) and (7), I would conclude that the 1981 statute does not qualify as an “offense under a former statutory designation which is similar in elements to an offense described in this paragraph.” Id.
Despite my conclusion that Acevedo was improperly designated a DSFO, I agree with the majority that his motion for relief under rule 3.800(a) does not merit relief. Fla. R. Crim. P. 3.800(a). Under the “could-have-been-imposed” harmless error standard that this Court adopted for motions filed under rule 3.800(a) in Brooks v. State, 969 So.2d 238, 238 (Fla. 2007), a defendant “does not require resentencing if the sentence legally could have been imposed (absent a departure) using a correct scoresheet.” M. The record reflects that Acevedo’s scoresheet totaled 458.1 points; therefore, the trial court could have imposed a life sentence without the DSFO designation, and any error from Acevedo being improperly designated a DSFO is harmless. For these reasons, I agree with the majority’s conclusion that Acevedo is not entitled to relief on his rule 3.800 motion. However, I cannot agree with the reasoning of the Fourth District’s decision approved by the majority and, instead, would approve of the Fifth District’s holding in Durant.

4. "Sexual activity” is defined as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object.” § 800.04 (l)(a), Fla, Stat.